# SUPREME COURT

AT THE

## AUGUST TERM, 1880.

Present:

Hon. DECIUS S. WADE, CHIEF JUSTICE.
Hon. WILLIAM J. GALBRAITH, } JUSTICES.
Hon. EVERTON J. CONGER,

---

## LARGEY, respondent, v. SEDMAN, appellant.

PRACTICE — *appeal from part of judgment.* This action was brought to foreclose a mortgage executed by A. and B., and the judgment authorized the sale of the property of A. and B., and was adverse to C., who claimed an interest in the property. A. and B. did not appeal, and C. appealed from the judgment affecting his rights. *Held,* that C.'s appeal had been properly taken.

CASES *affirmed.* The cases of *Allport* v. *Kelley,* 2 Mon. 343, and *Chumasero* v. *Vial, ante,* 376, holding that this court will not review the evidence to determine questions of fact, when there is no motion for a new trial, and that the judgment will be allowed to stand if it does not conflict with the findings, affirmed.

FORECLOSURE OF MORTGAGE — *description of property — section.* The mortgage, which was a part of the complaint, embraced the "property owned by the Montana Flume and Mining Company; said property is located at and near

the mouth of Alder gulch in section ten (10), township six (6), south of range four (4), west." At the trial it was proved that the property of said company was located in sections ten, eleven, thirteen and fourteen of said township, and the judgment authorized a sale of the same. *Held*, that the only property that could be sold under the mortgage was included in said section ten.

INTERPRETATION *of mortgage by the parties.* The condition of the foregoing mortgage provided that, upon the payment by A. and B. of $16,000 and inter est at certain times, according to the tenor of a certain promissory note, and upon the payment by A. and B., upon said $16,000, of the sum of $4,000 at certain times, said mortgage and note should be void. The complaint and answer of C. treated the mortgage as security for the payment of the note for $16,000. A. and B. did not appear in the action. The complaint alleged that A. and B. had paid on said note over $12,000, and C. averred in his answer that A. and B. had paid thereon over $23,000. C. contended that the note for $16,000 was a penalty to secure the payment of $4,000. *Held*, that the parties had interpreted the contract by their acts, that the note and mortgage were security for the payment of $16,000, and that this interpretation was binding upon C.

*Appeal from First District, Madison County.*

THIS action was tried by BLAKE, J.

SANDERS & CULLEN, for appellant.

The call of the mortgage is not and does not purport to be a conveyance of the undivided half of all of the property of the Montana Flume and M. Co. It might as well be contended that it would convey an interest in the property of the company out-side the county named, or this Territory, as outside of the par-ticular section, town and range named. The call of the mortgage is clear and specific, and no evidence was offered and none would be admissible to explain or qualify it in any manner. 3 Washb. Real. Prop. 404, 631.

The call of the mortgage shows the boundaries within which the property is situated, and it is not competent to control them by parol evidence and show that the parties supposed other property to be included in addition to what is embraced within the bounds named. 3 Washb. Real Prop. 424, 636.

Where the description in a deed is in general terms and is then followed by a reference to one that is specific and particular, as in this case, the latter limits and controls the former. 3 Washb. Real Prop. 400, 630; *Barton* v. *Dawes*, 10 C. B. 261.

VOL. III — 60

The attempted conveyance by Griffith and Thompson of one-half of the property of the Montana Flume and Mining Company was void and no right of action could arise by reason of it. 3 Washb. Real Prop. 329, 348.

This suit is not brought to reform the mortgage. There is no allegation that property outside of section 10 was intended to be conveyed, and, in this respect, the complaint does not sustain the decree.

By the last provision of the mortgage, it appears that it was a mortgage for $4,000, with a penalty of $16,000 to enforce the payment of $2,000 in one year, and another $2,000 in two years. Courts always incline, even against express stipulations, to regard penalties as unliquidated damages, and grant what is lawful damages for non-payment of money. 2 Chitty on Cont. 1314, 1320, 1321; *Kemble* v. *Farren,* 6 Bing. 141; *Astley* v. *Weldon,* 2 B. & P. 346.

This case shows nearly all of $4,000 was paid inside of two years. Courts will interpose in such cases by giving decree for balance and interest, and will not permit penalty to attach as unliquidated damages. *Shute* v. *Taylor,* 5 Metc. 61.

E. W. & J. K. TOOLE, for respondent.

The appeal is from a part of the judgment only. The appeal should have been from the whole judgment. Two of the defendants are in default, and appellant is in no situation to change the decree to affect them without appealing from the whole of the decree. A reversal of the decree would affect the rights of parties who submit to the judgment.

This court must assume, without a motion for a new trial, that all the facts which were necessary to support the findings and decree were established by the evidence. It is a general rule that oral testimony is inadmissible to vary or change the calls in a deed or mortgage, but this has no application here. Both parties claim title from a common source. The same piece of ground is described by different calls, and the court will assume that all the necessary proofs to apply the mortgage and description in the patent to the subject-matter were introduced.

Appellant entered under the mortgage and holds subject to it.

He cannot make his possession the basis upon which to contest the right of the party under whom he entered.

The replication avers that the property in the patent and that known as section 10 before the patent were identical. It is presumed that the proof supported the issues on behalf of respondent.

WADE, C. J. 1. This is an appeal from a decree of foreclosure. The defendants Griffith and Thompson made default. The cause was tried to the court and findings of fact made upon the issue joined by the defendant Sedman. Objection is made to Sedman's appeal for the reason alleged that the same is taken from a part of the judgment and that appellate courts will not review judgments by piecemeal. We have already decided in *Barkley* v. *Logan*, 2 Mon. 296, and *Plaisted* v. *Nowlan*, id. 359, that an appeal from a part of a judgment cannot be entertained. The judgment and decree authorizes the sale of certain real estate. The appeal is "from the whole of said judgment against appellant for costs of suit, and from the whole of said judgment and decree affecting the interest of appellant in and to said property;" that is to the property named in the decree. Sedman, claiming an interest in the real estate in question, contested the right of respondents to have the same sold under their mortgage. The only issue tried in the case had relation to his interest in the property and the judgment rendered was adverse to him. His appeal therefore is equivalent to, and is an appeal from, the whole judgment and decree, and does not come within the principle laid down in *Barkley* v. *Logan* and *Plaisted* v. *Nowlan*.

2. There was no motion for a new trial and no appeal from an order granting or refusing such motion. This being the case we cannot look into the testimony to examine any question of fact therein contained. The facts found by the court on the trial must be taken as true, for on this appeal from the judgment, we cannot inquire into the insufficiency of the evidence to support the findings. Neither can we review the testimony and make proper findings.

In order to bring questions of fact before this court there must have been a motion for a new trial and an appeal from an

order granting or refusing the same. Statements on appeal are intended solely for the purpose of bringing up alleged errors of law.

The testimony not being properly before the court, we shall have to dismiss many of the questions argued in appellants' brief as not applicable to the case, and the judgment will be allowed to stand, if the same is supported by the findings, and is not in absolute conflict therewith, and is warranted by the complaint. *Allport* v. *Kelley,* 2 Mon. 343, and cases cited; *Chumasero* v. *Vial, ante,* 376, and cases cited.

3. The judgment and finding, if in favor of the plaintiff, ought to be supported and authorized by the averments of the complaint; and if in favor of the defendant, by those of the answer; and whether the complaint or answer supports the judgment and decree is a proper subject of inquiry on this appeal and could be raised for the first time in this court. *Territory ex rel. Blake* v. *Virginia Road Company,* 2 Mon. 96.

The description of the property in controversy as contained in the mortgage which is attached to and made a part of the complaint is as follows : " The undivided half of the mining ground, water rights, ditches, flumes, sluices, mining tools and machinery, and other property owned by the Montana Flume and Mining Company ; said property is located at and near the mouth of Alder gulch in section ten (10), township six (6), south of range four (4), west county aforesaid."

The court below, evidently holding, by virtue of this description, that the mortgage covered all the property of the Montana Flume and Mining Company located at and near the mouth of Alder gulch, and that the mortgage was not limited to the property of such company, situated in section ten, township six, found that the mortgage covered not only the property of such company situated in section ten, township six, but also all the property of the company situated in sections eleven, thirteen and fourteen, township six, and entered a decree in pursuance of such finding for the sale of all such property situated in the sections aforesaid.

In other words the court held that the general description contained in these words "the undivided half of the mining ground,

water rights, water ditches, flumes, sluices, tools and machinery and other property owned by the Montana Flume and Mining Company," controlled the particular description that " said property is located at and near the mouth of Alder gulch in section ten, township six, south of range four west," and, therefore, that the mortgage covered all the property of the company located at and near the mouth of Alder gulch whether situated in section ten, township six, or in other sections or townships. In this we think the court erred. The first description is general and indefinite, it does not assume to include *all* the property of the Montana Flume and Mining Company at or near the mouth of Alder gulch. If not, what part of such property is included? The " other property" owned by the company is not pointed out or in any manner named or designated. It might, so far as this description is concerned, be located in some other county, State or Territory, and there is no means of determining whether this other property is real or personal property. The second description carefully locates the property conveyed as " near the mouth of Alder gulch in section ten, township six," leaving no doubt as to what property was intended to be included in the mortgage.

Where an indefinite general description is followed by a definite particular description the particular description must control. 3 Washb. Real Prop. (3d ed.) 345–7 ; *Smith* v. *Strong*, 14 Pick. 128 ; *Barney* v. *Miller*, 18 Iowa, 460 ; *Dana* v. *Middlesex Bank*, 10 Metc. 250.

Only the property of the company situated in section ten, township six, is embraced in the mortgage. Therefore, the decree authorizing and ordering the sale of the property of the company located in sections eleven, thirteen and fourteen, township six is not supported by the complaint, was not authorized by the mortgage and is a mere nullity.

We cannot assume in order to sustain the findings of the court that the proof showed that the parties intended by the conveyance to mortgage the property of the company situate in sections eleven, thirteen, and fourteen, for evidence of such intention, outside of and beyond what is contained in the mortgage itself would have been wholly incompetent. Neither can we assume

in the absence of evidence that the description in the title of the defendant Sedman from Griffith and Thompson is the same as that contained in the mortgage to respondents and therefore that Sedman cannot dispute their title. Such a question could only be raised by testimony showing the fact, and presented to the court in such a manner as would authorize us to examine it.

4. The condition of the mortgage is as follows: "Provided that if the said Griffith and Thompson or their heirs and assigns shall well and truly pay unto said E. Creighton, J. A. Creighton, P. A. Largey or their heirs and assigns the sum of sixteen thousand dollars in two years from the date hereof with interest at the rate of one per centum per month payable quarterly until paid according to the tenor of a certain promissory note of even date herewith, whereby said Griffith and Thompson promise to pay E. Creighton and Company or order sixteen thousand dollars and said interest in two years after date, interest payable quarterly; and provided further that said Griffith and Thompson shall pay unto said E. Creighton and Company two thousand dollars upon said principal sum in one year from the date hereof and two thousand dollars upon said principal sum in two years from the date hereof, then said promissory note and this conveyance shall be null and void, otherwise to be and remain in full force and effect."

Upon the principle, that if the instrument provides that a larger sum shall be paid on the failure of the party to pay a less sum in the manner prescribed, the larger sum is a penalty, the appellants say that this is a mortgage for $4,000 with a penalty of $16,000 to enforce the payment of $2,000 in one year, and $2,000 in two years, and that no greater sum than $4,000 and interest can be collected on the note and mortgage.

Mr. Sedgwick in his work on Measure of Damages lays down in substance the following principle to aid in the solution of the question whether the sum named in the instrument was intended as a penalty or as liquidated damages:

*First.* That the language of the agreement is not conclusive and that the effort of the tribunal will be to get at the true intent and meaning of the parties and to do justice between them.

*Second.* That when the agreement is in the alternative to do some particular thing or pay a given sum of money, the court will hold the party failing to have had his election and compel him to pay the money.

*Third.* That in case of an agreement to do some act, and upon failure to pay a sum of money, the court will look into the intent of the parties; that no particular phraseology will be held to govern absolutely; but that although the term "liquidated damages" will not be conclusive, the phrase "penalty" is generally so, unless controlled by some other very strong considerations.

*Fourth.* That whenever the sum stipulated is to be paid on the non-payment of a less sum made payable by the same instrument, it will always be held a penalty.

*Fifth.* Where independently of the stipulation the damages would be wholly uncertain and incapable or very difficult of being ascertained there the damages will usually be considered liquidated if they are so denominated in the instrument. Sedgwick Meas. Dam. (5th ed.), § 479.

It will be seen from these principles and an examination of the cases from which they were deduced that agreements of this character, like any other, should be so interpreted and construed as to arrive at the true intent and meaning of the parties, and that it is the tendency and preference of the law to apportion the damages to the loss actually sustained and hence to regard a sum stated to be payable if a contract is not fulfilled as a penalty and not as liquidated damages.

On this appeal from the judgment, the pleadings are properly before us, and in arriving at the intention of the parties we have the right to look at the interpretation they have put upon the agreement contained in the mortgage as shown by the allegations of the complaint and answer. It appears by the averments of the complaint that the mortgagors treated the conveyance as a mortgage to secure the payment of a note for $16,000 and not as security for the payment of $4,000, and that the mortgagors paid more than $12,000 thereon. This is all admitted by Griffith and Thompson by their default, and it is admitted in the answer of Sedman, and it is therein averred that Griffith and Thompson

paid on said note and mortgage the sum of $23,858. The parties then have interpreted the contract for themselves and it is not for Sedman, a mere stranger, to say that they have made a mistake and that they did not know what they intended by their agreement, and the payments thereon.

By the payments made and received as shown by the admissions contained in the pleadings, the parties to the transaction treated the note and mortgage as valid security for the payment of $16,000, and the parties having so interpreted the contract, such interpretation conclusively shows their intention in the premises. A part performance of the contract, a partial payment of the note by Griffith and Thompson is decisive against their right or that of Sedman to say that the note for $16,000 was merely a penalty to secure the payment of the $4,000.

It is, therefore, ordered that the judgment and decree be so modified as to authorize the sale of only so much of the property of the mortgagors as is contained in section ten (10), township six (6), and that in all other respects the judgment and decree be and the same is hereby affirmed.

And it is further ordered that the costs of this appeal be paid by the respondents.