Billington v. The Commonwealth.

CASE 82—ORDINARY—JUNE 2, 1881.

# Billington v. The Commonwealth.

APPEAL FROM BALLARD CIRCUIT COURT.

1. In all cases of suretyship, in order that the act of one may bind another as surety, such act must, according to the statute, be done under authority in writing.

2. Section 85 of the Criminal Code does not apply to this case.

3. The commonwealth is bound by the statute as well as individuals. No exceptions are made.

L. D. HUSBANDS AND C. H. THOMAS FOR APPELLANT.

1. By the plain terms of the statute there must be authority in writing to authorize one to bind another as surety. (General Statutes, chapter 22, section 20.)

2. Although appellant was present when his name was signed by an attorney, yet the statute was not complied with.

3. There is no exception made by the statute in favor of the commonwealth.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

1. The statute referred to applies exclusively to civil contracts. The word surety does appear in the whole chapter upon the subject of bail. (Secs. 73, 76, 77, 85, Crim. Code.)

2. Appellant is a principal and not a surety.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

L. M. Billington being in custody charged with "ku-kluxing," was admitted to bail in the sum of $300, with appellant as surety in the bond.   On failure of the accused to appear and answer the charge, the bond was forfeited, and to a rule to show cause why judgment should not go on the forfeiture, appellant responded that he did not sign his name to the bond; that he did not make his mark to the signature appearing thereto, and that he never authorized any one in writing to sign his name to the bond.   To this response a demurrer was sustained, and judgment rendered against appellant.   It is agreed in the bill of evidence that appellant was examined as to his qualifications as bail, and that, in the presence of the judge who accepted the bond, he directed the attorney for the accused to sign his name to the bond; that the name was signed in the presence of appellant as directed, and that thereupon, and by reason of the execution and delivery of the bond, the accused was released from lawful custody.

Counsel for appellant insists that no liability attaches by reason of the execution of the bond, because of the failure to comply with section 20 of chapter 22 of General Statutes, which is as follows:

"No person shall be bound as the surety of another, by the act of an agent, unless the authority of the agent is in writing, signed by the principal; or if the principal do not write his name, then by his sign or mark, made in the presence of at least one creditable attesting witness."

The language of the section seems to be imperative, and without exception, that in all cases of suretyship, in order that the act of one may bind another as surety, such act

Billington v. The Commonwealth.

must be done under written authority from the one held to answer as surety. Unless, then, the signature by the attorney, in the presence of appellant, and by his oral direction, can be construed to be the act of appellant, and not that of his agent, there appears to be no escape from the conclusion that appellant is not bound as surety on the bond. Why a thing done in the presence of the one directing it is any the less an act of an agent for his principal than if the act was done in the absence of the principal, and by his previous direction, is difficult to conceive. In either case the thing done is but the performance of a physical act which is in conformity to the will of the principal, and in all such cases the law seems to contemplate that the will of the principal shall not be made binding upon him unless it be expressed in writing. In other words, that the best and only evidence of the intention of the principal to bind himself as surety is the written authority from the principal.

The 85th section of the Criminal Code does not apply in a case like this, where the question is of execution or no execution of the bond. That section applies especially to the construction of the bond when its execution is not denied.

We think the court below erred in sustaining the demurrer to appellant's answer.

Wherefore, the judgment is reversed, and cause remanded, with directions for further proceedings.