CASE 37—PETITION ORDINARY—NOVEMBER 5.

# Riggan, &c., v. Crain.

APPEAL FROM EDMONSON CIRCUIT COURT.

1. IN AN ACTION UPON AN INJUNCTION BOND whereby the obligors undertook to satisfy an execution which the principal in the bond was seeking to enjoin, to the extent to which the injunction might be dissolved, an allegation that the defendants have failed to satisfy any part of the execution, and that it is "yet due and unpaid," is a sufficient averment of the breach of covenant as to payment.

2. SAME.—In an action upon such a bond it is immaterial whether the property released from levy was subject to the execution, or whether the plaintiff has lost his debt by reason of the injunction. Where there is no question as to the execution of the bond, the only inquiry is, did the chancellor dissolve the injunction?

3. WHERE A SURETY'S NAME IS SIGNED BY ANOTHER to a note or bond, upon his verbal authority, and he afterwards ratifies *in writing* the act of his agent, or re-signs his name to the note or bond, it is as much binding upon him as if he had signed it in the first place.

J. S. LAY FOR APPELLANT.

1. The petition is defective in failing to allege that the debt had not been paid. (Crawford v. Woolworth, 5 Bush, 746.)

2. The petition is defective in failing to state that by reason of the injunction appellee was prevented from making his debt, and in not stating that there was no other property out of which it could be made. (Keel v. Ogden, 3 Dana, 109; Hanley v. Wallace, 3 B. M., 194.)

3. The execution enjoined being the basis of the action, the failure to file it as a part of the petition was a fatal defect, as also the failure to file a copy of the order dissolving the injunction.

4. The names of the sureties to the injunction bond having been signed by

another without written authority, the sureties are not bound, and a subsequent authority in writing to sign the bond, and a signing in pursuance, does not bind the sureties. (Civil Code, secs. 278, 279; Gen. Stats., chap. 22, sec. 20; Billington v. Commonwealth, 79 Ky., 400; Rágan v. Chenault, 78 Ky., 545.)

EDWARDS & HAZLIP FOR APPELLEE.

Brief not in record.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellants were sued as the sureties on an injunction bond executed by W. H. Riggan to the appellee, D. L. Crain, enjoining the collection of an execution then in the hands of the sheriff in favor of the appellee against him. The injunction was dissolved, and these sureties now say that the facts alleged in the petition do not authorize a recovery for the reason, first, that there is no averment that the debt is unpaid; second, that there is a failure to allege that the appellee lost his debt by reason of the injunction; third, a failure to allege that the property levied on was subject to the execution that had been enjoined.

The plaintiff (appellee) having set forth the undertaking in the bond, which was that "we undertake to satisfy the execution which the plaintiff in this action seeks to enjoin to the extent which the injunction may be dissolved, not exceeding the sum of two hundred and twenty dollars," etc., proceeds to allege that the injunction was wholly dissolved, and the defendants had failed to satisfy the execution to the extent of two hundred and twenty dollars, or any part of it, and that it is *yet due, owing and unpaid*.

There is a sufficient averment as to the breach of the covenant as to payment; and as to the second and third

objections made, it is immaterial whether the property was or not subject to the execution, or whether the plaintiff had or not lost his debt by reason of the injunction.

The sureties made themselves primarily liable by undertaking to pay the debt or the execution to the extent it might be dissolved, regardless of the condition of the execution debtor, and the only inquiry to be made when the surety had signed the bond is, did the chancellor dissolve the injunction, as it is not pretended or pleaded that the debt had been paid since the dissolution of the injunction.

The material inquiry in the case is as to the manner of executing the bond.

It is alleged and not denied that the authority to sign this bond was merely verbal, and, in fact, any authority given to sign the covenant is controverted. It appears that the clerk signed the names of these sureties upon the verbal authority given the principal as represented by the latter, and issued the injunction.

After the injunction had been granted and the writ issued, the clerk, as we must assume, discovering that no liability existed on the part of the surety, required other security, and, thereupon, E. S. Riggan, who was the son of the debtor, executed this writing: "I, E. Riggan, hereby ratify and confirm the signing of my name by my father, W. H. Riggan, to the injunction bond in the case of D. L. Crain, now pending in the Edmonson Circuit Court, and do acknowledge myself as firmly bound to the stipulation of said bond as if I had signed the same in person," etc. And after this was done the sureties executed to the clerk a power

of attorney, empowering him "to sign our names to the injunction bond in the case of W. H. Riggan v. D. L. Crain, pending in the Edmonson Circuit Court, and will ratify and confirm the same as much so as if we had signed said bond in our own proper person."

Under this power their names were re-signed to the original bond, and the injunction suit prosecuted to a termination, resulting, as before stated, in the dissolution of the injunction.

It is insisted that after the clerk had accepted the bond and issued the injunction, he had no power to change or alter its terms, so as to increase or create the liability then resting upon the sureties. That if not binding on the appellants when the injunction issued, it could not be made binding thereafter by a written ratification or by a re-signing on the part of the sureties. It was held in the cases of Ragan v. Chenault, 78 Ky., 545, and Billington v. Commonwealth, 79 Ky., 400, that by reason of the statute a verbal authority to sign, or a verbal ratification of the obligation when signed, created no liability on the surety, and if nothing else appeared in this case than the signing by the clerk under a verbal power, we would have but little difficulty in disposing of this question.

If the surety induces one to loan his money to another upon a verbal authority to a third person to sign his name as surety, and the money is thus loaned, and the surety afterwards ratifies the act in writing or signs his name, it seems to us the original consideration becomes a part of the subsequent ratification or act of the surety, and it is as much binding on him as if he had signed the paper in the first place.

In this case the reasons for holding the surety bound are much stronger than if the transaction had been in fact with the plaintiff. The clerk was alone authorized to take the bond, although made payable to the plaintiff. The latter looked alone to the bond for indemnity on the dissolution of the injunction.

The levy had been discharged and the action progressed with a bond upon which the surety in the first instance was not bound; but to enable the principal to do that which he could not do without a bond, he not only ratifies in writing the act of his principal, but authorizes a third party to re-sign his name to the instrument, and by this means the principal obtains the benefit of an injunction until the final hearing. The bond is regular, and the signing upon its face proper, and the plaintiff, whose execution has been enjoined, from an inspection of the record had the right to assume that the bond was valid. The surety, when the liability attaches, says: "I ratified the act of my agent, but not until after the writ issued, and am therefore not liable. I signed the bond after the writ issued, and am not liable." He should be and is estopped by the facts pleaded from making such a defense. The signing under the verbal authority could not be cured by any verbal ratification, or upon the principle of estoppel, because the statute interposes and relieves the surety in such a case of any liability. It requires the proof of liability of a surety to be of a higher character, and, therefore, more convincing than a mere verbal authority or a verbal ratification. It must be authorized in writing, or signed by the surety. In this case the ratification was in writing,

and the signing was under a power of attorney, and as the surety, by his conduct, secured to the debtor the benefit of his injunction until the final hearing, we will not stop to inquire when the ratification was made or the bond re-signed. We think there is proof conducing strongly to show that the defendant was a non-resident when the attachment was obtained, and we coincide with the court below as to the judgment rendered.

Judgment affirmed.