[No. 13111. In Bank. — September 12, 1889.]

WILLIAM G. RICHARDS ET AL., EXECUTORS, ETC., OF PHILIP RICHARDS, DECEASED, RESPONDENTS, *v.* TRAVELERS' INSURANCE COMPANY, APPELLANT.

CONTRACT — ACTION ON LIFE INSURANCE POLICY — PLEADING — ALLEGATION OF NON-PAYMENT ESSENTIAL. — A complaint in an action to recover a sum of money due under a life insurance policy, which contains no allegation that the policy is unpaid, is fatally defective, and is not cured by a verdict in favor of the plaintiff.

PLEADING — DEMURRER — SUBMISSION WITHOUT ARGUMENT — WAIVER. — The submission of a demurrer without argument is not a waiver of any objection raised thereby.

ID. — VERDICT DOES NOT CURE ENTIRE ABSENCE OF MATERIAL ALLEGATIONS. — The doctrine that a defective pleading may be cured by verdict has no application where there is an entire absence of a material allegation.

APPEAL from a judgment of the Superior Court of Nevada County.

The facts are stated in the opinion of the court.

*T. M. Osment,* and *Fred Searls,* for Appellant.

The complaint is fatally defective in not alleging that the policy has not been paid. (1 Chit. Pl. 332; *Barron* v. *Frink,* 30 Cal. 486, 489; *Moore* v. *Besse,* 30 Cal. 570; *Davanay* v. *Eggenhoff,* 43 Cal. 395; *Doyle* v. *Phœnix Ins. Co.,* 44 Cal. 264; *Roberts* v. *Treadwell,* 50 Cal. 520; *Frisch* v. *Caler,* 21 Cal. 71; *Salisbury* v. *Shirley,* 53 Cal. 462; *Morgan* v. *Menzies,* 60 Cal. 341; *Du Brutz* v. *Jessup,* 70 Cal. 75, 78; *Scroufe* v. *Clay,* 71 Cal. 123.) Defective allegations of fact may be cured by verdict, but not so where there is a total absence of facts, or where the facts defectively alleged, if properly stated, make out no cause of action. (*Barron* v. *Frink,* 30 Cal. 489; *Morgan* v. *Menzies,* 60 Cal. 341.)

*C. W. Cross,* and *P. F. Simonds,* for Respondents.

| 80 | 505 |
| 84 | 200 |
| 84 | 217 |
| 80 | 505 |
| 90 | 173 |
| 80 | 505 |
| 105 | 312 |
| 80 | 505 |
| 111 | 397 |
| 80 | 505 |
| 119 | 72 |
| 80 | 505 |
| 120 | 612 |
| 80 | 505 |
| 121 | 581 |
| 80 | 505 |
| 126 | 180 |
| 80 | 505 |
| 135 | 292 |
| 80 | 505 |
| 148 | 664 |

WORKS, J.—This is an action on a policy of life insurance. There was a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled; the defendant answered, denying the material allegations of the complaint, and setting up some affirmative matters. There was a trial by jury, verdict for the plaintiffs, and judgment accordingly. The defendant appeals on the judgment roll.

The only point made in this court is, that the demurrer to the complaint was improperly overruled, for the reason that there was no allegation in the complaint that the policy was unpaid, or any allegation showing a breach of the contract.

A party suing upon a contract to pay money must show a breach of the contract, or his complaint states no cause of action. Therefore it is held that the complaint must, in such cases, allege the non-payment of the money claimed under the contract. (*Du Brutz* v. *Jessup*, 70 Cal. 75; *Morgan* v. *Menzies*, 60 Cal. 341.)

Numerous other decisions of this court might be cited, but the question is too well settled in this state to render such citations necessary.

The complaint was fatally defective in this respect. It contained no allegation of non-payment; nor is there any allegation from which such non-payment can be implied.

Counsel for respondent attempt to meet the objection on two grounds, viz., that the demurrer appears from the record to have been submitted without argument, which should be taken as a waiver of the point, and that the defect was cured by the verdict in favor of the plaintiffs.

Neither of these grounds can be maintained. We know of no reason for holding that a party who submits a demurrer without argument thereby waives any objection raised by the demurrer. The objection is taken by the demurrer, and not by the argument, and it points

out to the court and the opposite party every objection to the complaint that is raised by such a demurrer. It is the duty of the opposite party to look to his pleading and see that it is sufficient to withstand such a demurrer, and it is equally the duty of the court to examine the pleading and determine as to its sufficiency, whether the demurrer is argued or not.

The doctrine that a defective pleading may be cured by verdict has no application where there is an entire absence of a material allegation. (*Barron* v. *Frink*, 30 Cal. 489; *Morgan* v. *Menzies, supra.*)

Judgment reversed.

THORNTON, J., PATERSON, J., SHARPSTEIN, J., FOX, J., and BEATTY, C. J., concurred.