[No. 12884. Department One. — May 31, 1890.]

## GILBERT L. CURTISS, RESPONDENT, *v.* N. S. BACHMAN ET AL., APPELLANTS.

PLEADING — BREACH OF CONTRACT — APPEAL — SUPPORT OF JUDGMENT. — In an action upon a contract, the complaint must show a breach of the contract, or it states no cause of action which will support the judgment upon appeal.

ID. — INJUNCTION BOND — NON-PAYMENT. — In an action upon an injunction bond, the complaint must allege the non-payment of the money claimed under the contract, in order to state a cause of action.

ID. — ALLEGATION OF DAMAGE. — The allegation that the plaintiff has been injured and damaged in a certâin sum by reason of the issuance and continuance of the injunction does not allege non-payment by implication.

ID. — ANSWER AFTER DEMURRER OVERRULED — WAIVER OF DEMURRER. — A demurrer is not waived by the filing of an answer upon leave given by the court after the demurrer is overruled.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*W. B. Sharp*, for Appellants.

*Charles F. Hanlon*, for Respondent.

FOOTE, C. — On March 26, 1880, Nettie Gilman instituted an action against Gilbert L. Curtiss, the plaintiff in the present action, and the Ætna Life Insurance Company, in order to recover a certain life policy issued by that company to the mother of plaintiff, and assigned by her to him, and also to restrain the company from paying over the money due on the policy to any one but Nettie Gilman, and seeking to have Gilbert L. Curtiss required to assign the policy in question to her.

A temporary restraining order was made by the court upon the execution of a bond by the plaintiff in that action in the sum of five hundred dollars. A motion was

made to dissolve this temporary injunction. That motion was denied on the thirtieth day of July, 1880, the court at that same time continuing in force the temporary injunction until the final determination of the case, upon the plaintiff in that action giving a bond for five thousand dollars within five days, which instrument is the one on which the present action is predicated.

The injunction first referred to was dissolved, and judgment for costs given in favor of Gilbert L. Curtiss on April 9, 1885. Thereupon the present action was brought on the 7th of June, 1886, by Gilbert L. Curtiss against the defendants here as the sureties on the injunction bond of five thousand dollars heretofore mentioned.

The defendants demurred to the complaint, the second ground of which was, that such pleading did "not state facts sufficient to constitute a cause of action." The demurrer was overruled, and the defendants granted "ten days to answer." They duly filed their answer in accordance with the permission of the court, and upon a trial being had before the court, a jury being waived, that tribunal decided in favor of the plaintiff, and rendered judgment in his favor for the sum of $3,452 and costs. From that, and an order denying a new trial, the defendants prosecute this appeal.

It becomes unneccessary to determine the questions raised upon the appeal from the order, as the complaint here states no cause of action which will support the judgment.

The action was upon a contract to pay money. In such a case the complaint must show a breach of the contract, or it states no cause of action. "A party suing upon a contract to pay money must show a breach of the contract, or his complaint states no cause of action. Therefore, it is held that the complaint must, in such cases, allege the non-payment of the money claimed under the contract." (*Richards* v. *Travelers' Ins. Co.*, 80 Cal. 506, and cases cited.)

The complaint here under consideration contains no allegation of non-payment, nor is there anything alleged in it from which such non-payment can be implied. The allegation "that the plaintiff, Gilbert L. Curtiss, has been injured and damaged, by reason of the issuance and continuance of said injunction, in the sum of five thousand dollars" certainly does not allege anything from which non-payment can be held to be in the remotest degree, even impliedly, much less directly, alleged.

But the respondent claims that inasmuch as after their demurrer was overruled the defendants answered, that such action on their part was a waiver of the demurrer. It seems to have been formerly held that the filing of an answer after the overruling of a demurrer is a waiver of the demurrer. (*De Boom* v. *Priestly,* 1 Cal. 206; *Pierce* v. *Minturn,* 1 Cal. 470; *Brooks* v. *Minturn,* 1 Cal. 481.) But section 472 of the Code of Civil Procedure, as amended, provides, among other things, that "a demurrer is not waived by filing an answer at the same time."

Thus it is expressly enacted that a demurrer is not waived by the filing of an answer at the same time; and *a fortiori* it is not waived by the filing of an answer, upon leave given by the court, subsequently to the filing and overruling of the demurrer.

Ever since this amendment, the practice has been to review rulings on demurrer on appeal from a judgment, notwithstanding a subsequent answer. Hundreds of cases have been reviewed in this way; and in view of this universal practice, we are somewhat surprised that counsel should have made the point.

For the prejudicial error thus shown, the judgment and order should be reversed, and the cause remanded, with directions to the court below to sustain the demurrer, on the ground as herein indicated.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, with directions to the court below to sustain the demurrer, on the ground as herein indicated.

Hearing in Bank denied.