[No. 13641.   Department Two. — January 5, 1892.]

B. A. BARNEY, RESPONDENT, v. A. W. VIGOREAUX,
APPELLANT.

ACTION UPON NOTE — PLEADING — NON-PAYMENT — APPEAL — SUPPORT OF
JUDGMENT. — In an action upon a promissory note, a failure to allege in
the complaint that no part of the sum for which the note was given, ex-
cept certain payments indorsed upon it, had been paid constitutes a fatal
defect, for which a judgment in favor of the plaintiff will be reversed
upon appeal.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a motion to vacate the judgment.

The facts are stated in the opinion of the court.

*I. N. Thorne*, and *Oliver P. Evans*, for Appellant.

*W. H. Allen*, for Respondent.

SHARPSTEIN, J. — The record shows that the plaintiff
brought his action against the defendant upon a prom-
issory note, of which a copy is contained in the com-
plaint.   Copies of several receipts of payments, which it
is alleged were indorsed upon said promissory note, are
set out in the complaint, and plaintiff demands judgment
for $340, balance of principal, with interest, etc.

There is no allegation that no part of the sum for
which said note was given, except the sums indorsed
upon it, has been paid.

The defendant did not appear in the action, although
there was proof of the service of summons upon him,
and his default was regularly entered and judgment

thereon entered against him, and within ten days thereafter he gave notice of a motion to vacate said judgment. The motion was heard and denied, and from the order denying that motion, and the judgment, the defendant appeals.

The omission to allege in the complaint that some part of the said note had not been paid constituted a fatal defect, for which the judgment must be reversed. (*Frisch* v. *Caler*, 21 Cal. 71; *Davanay* v. *Eggenhoff*, 43 Cal. 395; *Scroufe* v. *Clay*, 71 Cal. 123.)

It is unnecessary to consider the questions raised and discussed by counsel upon the motion to vacate the judgment, as the reversal of it accomplishes all that was sought by that motion.

Judgment and order reversed.

McFARLAND; J., and De Haven, J., concurred.