## CURTISS v. BACHMAN et al.*

### No. 15,769; June 20, 1895.

#### 40 Pac. 801.

**Injunction Bond.**—A Complaint on an Injunction Bond, conditioned that plaintiff will pay to the parties enjoined such damages as they may sustain by reason of the injunction, which fails to allege that plaintiff in the injunction suit has not paid the damages, does not state a cause of action.

APPEAL from Superior Court, City and County of San Francisco; J. F. Sullivan, Judge.

Action by Gilbert L. Curtiss against N. S. Bachman and others on an injunction bond. Judgment was rendered for defendants, and plaintiff appeals. Affirmed.

Chas. F. Hanlon for appellant; W. B. Sharp for respondents.

BELCHER, C.—One Nettie Gilman commenced an action in the superior court of the city and county of San Francisco against Gilbert L. Curtiss, the plaintiff in this action, and obtained a temporary injunction restraining him from doing certain acts during the pendency of said action. By an order of the court the plaintiff was required to file an undertaking in the sum of $5,000 to secure the payment of such damages as the defendant might sustain by reason of the injunction, if the court should finally decide that the plaintiff was not entitled thereto; and such an undertaking was executed by the defendants in this action, and filed. That action resulted in a judgment in favor of the defendant therein, and thereupon he brought this action upon the said undertaking to

---

*For subsequent opinion in bank, see 110 Cal. 433, 52 Am. St. Rep. 111, 42 Pac. 910.

recover the damages alleged to have been sustained by him by reason of the injunction. The undertaking, after setting out the preliminary facts, proceeds as follows: "Now, therefore, we, the undersigned, residents of the city and county of San Francisco, state of California, in consideration of the premises and of the issuing of said injunction, do jointly and severally undertake in the sum of five thousand ($5,000) dollars, and promise to the effect that in case said injunction shall issue and remain in force and effect the said plaintiff will pay to the said parties enjoined such damages, not exceeding the sum of five thousand ($5,000) dollars, as such parties may by reason of the said injunction sustain, if the said superior court finally decide that the said plaintiff was not entitled thereto." The complaint, among other things, alleges: "(7) That the plaintiff, Gilbert L. Curtiss, has been injured and damaged by reason of the issuance of said injunction in the sum of five thousand dollars. (8) That, prior to the commencement of this action, plaintiff demanded of the defendants, and each of them, to pay the said amount of said bond, and the damages sustained thereunder, to wit, the sum of five thousand dollars; but to pay the same, or any part thereof, the defendants, and each of them, refused, and have ever since refused, and still refuse." The defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and their demurrer was overruled. They then answered, denying, among other things, that the plaintiff had been "either injured or damaged by reason of the issuance or continuance of said injunction in the sum of five thousand dollars, or in any sum whatever." The case was tried, and the court found that the plaintiff had not been injured or damaged by reason of the issuance or continuance of the injunction, in any sum whatever, and, as a conclusion of law, that the defendants were entitled to a judgment against the plaintiff for their costs. Judgment was accordingly entered that the plaintiff take nothing by his action, and that the defendants recover their costs, from which, and from an order denying his motion for a new trial, the plaintiff appeals.

The judgment and order should be affirmed, for the reason that the complaint fails to allege any breach of the undertaking sued on. The condition of the undertaking was that "the said plaintiff will pay" such damages, etc. There is no alle-

gation in the complaint that the plaintiff had not paid, or had failed or refused or neglected to pay, the damages. Nor is there any allegation from which such nonpayment can be implied. But an allegation of nonpayment by the plaintiff was necessary, and without it the complaint was fatally defective: Morgan v. Menzies, 60 Cal. 341; Richards v. Insurance Co., 80 Cal. 505, 22 Pac. 939; Grant v. Sheerin, 84 Cal. 197, 23 Pac. 1094; Curtiss v. Bachman, 84 Cal. 216, 24 Pac. 379; Barney v. Vigoreaux, 92 Cal. 631, 28 Pac. 678. As the complaint failed to state a cause of action it is unnecessary to consider the case upon its merits, but if it should be so considered, it is doubtful if there could be a reversal on any of the grounds urged. The judgment and order should be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.