VAN HORN, RESPONDENT, *v.* HOLT ET AL., APPELLANTS.

(No. 1,798.)

(Submitted March 1, 1904.    Decided March 3, 1904.)

*Action on Injunction Bond—Pleading—Complaint—Demurrer —Pleading Over—Waiver.*

1.    Objection to a complaint, raised by demurrer, that it does not state a cause of action, is not waived by pleading over.

2.  The complaint on an injunction bond, conditioned for payment of damages suffered by reason of the injunction, if it be decided there was no right thereto, must allege a failure to pay.

*Appeal from District Court, Custer County; C. H. Loud, Judge.*

ACTION by C. W. Van Horn against John M. Holt and another.  Judgment for plaintiff.  Defendants appeal. Reversed.

*Mr. George W. Myers,* for Appellants.

*Mr. T. J. Porter,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action on an injunction bond.  E. C. Howard commenced an action in the district court against the respondent Van Horn, the only object of which was to secure an injunction restraining Van Horn from the commission of certain acts detailed in the complaint in that action.  Howard executed an injunction bond in the sum of $300, conditioned as required by law, with the appellants here as sureties.  An injunction was issued and served.  Van Horn appeared in the action, filed an answer denying the allegations of the complaint, and afterwards moved the court to dissolve the injunction.  This motion was sustained, and the injunction dissolved.  Thereupon Van Horn commenced this action against the sureties on the injunction bond to recover specific damages alleged to have been sustained by him by reason of the injunction.  The complaint alleges the facts set forth above, and, in addition, contains the specific allegation of the items of damages, and prays judgment for $177.50 and costs.  To this complaint the defendants (appellants here) filed a general demurrer, alleging that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was overruled, and defendants answered.  The cause was tried to a jury, which returned a verdict in favor of

the plaintiff for $152.50, and from the judgment entered for that amount and costs the defendants appealed.

Appellants contend that the complaint does not state facts sufficient to constitute a cause of action, and does not support the judgment entered. Respondent contends that, even conceding that the demurrer was well taken, it was waived by the defendants' pleading over and by the verdict, and cites *Francisco* v. *Benepe,* 6 Mont. 243, 11 Pac. 637, which he contends supports this doctrine. But an examination shows that the demurrer therein considered was a certain special demurrer, and on the soundness of that decision we make no comment. It is not anywhere held that the objection to a complaint on the ground that it does not state facts sufficient to constitute a cause of action is waived by pleading over, or that such defect in the complaint is cured by verdict. On the contrary, it has been held uniformly that such objection is not waived, but may be urged in this court for the first time. (*Territory ex rel. Blake* v. *Virginia Road Co.,* 2 Mont. 96; *Gillette* v. *Hibbard,* 3 Mont. 412; *Largey* v. *Sedman,* 3 Mont. 472; *Parker* v. *Bond,* 5 Mont. 1, 1 Pac. 209; *Foster* v. *Wilson,* 5 Mont. 53, 2 Pac. 310; *Milligan* v. *Savery,* 6 Mont. 129, 9 Pac. 894; *Quirk* v. *Clark,* 7 Mont. 231, 14 Pac. 669; *Whiteside* v. *Lebcher,* 7 Mont. 473, 17 Pac. 548.)

The particular objection urged against the complaint is that there is no allegation that the amount of damages claimed to have been suffered by the plaintiff has not been paid. The condition of the injunction bond is "that in case said injunction shall issue, the said plaintiff will pay to the said parties enjoined such damages not exceeding the sum of $300 as such parties may sustain by reason of said injunction, if the said district court finally decide that the said plaintiff was not entitled thereto." This action is upon the bond, and plaintiff sets forth at length the damages which he suffered by reason of the injunction, but does not say that such damages have not been paid. The gist of the action—that which gives rise to the action—is the failure of Howard or his sureties (appellants here) to pay

such damages, or, in other words, the gist of the action is the breach of the contract; and, in the absence of an allegation of a failure to pay, there is no allegation of any breach whatever, and consequently nothing which can give rise to an action. This rule seems to be settled beyond controversy. (*Curtis* v. *Bachman,* 84 Cal. 216, 24 Pac. 379; same case on second appeal, 40 Pac. 801; *Barney* v. *Vigoreaux,* 92 Cal. 631, 28 Pac. 678; *Michael* v. *Thomas,* 27 Ind. 501; 4 Ency. P. & P. 937, 942; 5 Cyc. 826.)

The action is analogous to an action on commercial paper, where nonpayment must be alleged (8 Cyc. 136), or to an action on any other form of written contract where the breach must be averred (9 Cyc. 728). The complaint does not state a cause of action, and will not support the judgment.

We have considered the other errors assigned by appellants, but are of the opinion that there is no merit in any of them.

Respondent, in his brief, contends that the record is insufficient, in that it does not contain certain papers which he contends should be a part of the judgment roll. But there is nothing whatever in this record to indicate that any other papers than those included should be in the judgment roll, while the certificate of the clerk is to the effect that the record does in fact contain a copy of the judgment roll. Attention is also directed to the certificate of the clerk attached to the record; but, while it is inartificially drawn, we are of the opinion that it is sufficient to identify the papers constituting the record.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*