## WYATT v. MARINOFF.

No. 17875.    Opinion Filed March 27, 1928.

Rehearing Denied June 19, 1928.

(Syllabus.)

1. **Injunction—Action on Injunction Bond —Petition Sufficient Against General Demurrer Though Nonpayment of Damages not Expressly Alleged.**

Where a petition in an action on an injunction bond does not expressly allege nonpayment of the damages accruing thereunder, but contains allegations from which nonpayment may be implied, it is sufficient to withstand attack by a general demurrer based on the ground of insufficiency to state a cause of action for want of such express allegation.

2. **Same—Measure of Damages for Wrongful Injunction Against Exercise of Acts of Ownership Over Realty.**

(A) In determining the measure of damages for wrongfully suing out an injunction restraining the exercise of acts of ownership over realty, the court should act upon equitable principles, and award such damages as proximately result from the injunction.

(B) Damage as loss of profits and injury to stock and reasonable attorney's fees paid by a party enjoined in settlement of a suit against him by his tenant for failure of performance of a contract, are proper elements of damages recoverable in an action on the injunction bond where the temporary injunction was wrongfully sued out, and it is established that it was the proximate cause of inability of performance of the contract.

3. **Same—Duty of Injured Party to Minimize Damages—Harmless Error in Instructions.**

(A) A party suing on an injunction bond may not recover any damages which he might have avoided by ordinary care, and he must use ordinary care pending the injunction, and no expense will be allowed unless it was reasonable and incurred in consequence of the injunction in the exercise of ordinary care.

(B) Paragraph 4 of the syllabus in Big Jack Mining Co. v. Parkinson, 41 Okla. 125, 137 Pac. 678, is hereby adopted as subdivision "B" of paragraph 3 of the syllabus in this case.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Nick Marinoff against E. S. Wyatt on an injunction bond. Judgment for plaintiff, and defendant appeals. Affirmed.

Ellis A. Robinson and Quincy J. Jones, for plaintiff in error.

Fred W. Kopplin and E. M. Lee, for defendant in error.

TEEHEE, C. In the court below, where the parties appeared in their reverse order and will be here so referred to, Nick Marinoff, upon a verdict of the jury in an action on an injunction bond, recovered a judgment of $1,500 against E. S. Wyatt, the principal obligor in the bond.

Defendant complains of the judgment against him, first, as follows:

"The court erred in overruling plaintiff in error's demurrer, objection to the introduction of evidence, demurrer to the evidence, motion for a directed verdict and motion for a new trial, for the reason that defendant in error's petition wholly failed to state a cause of action."

Thereunder he contends that the petition was defective, in that no breach of the bond was alleged by way of nonpayment of damages arising under the terms thereof.

It has been generally held in this class of cases that a failure to allege nonpayment or damages claimed is fatal on demurrer to the petition. 13 C. J. 734, section 869; 4 R. C. L. 65, par. 32. In Hart v. Hamra, 91 Okla. 141, 216 Pac. 649, a case cited by defendant, the action originally was against both the principal obligors and their sureties, with the final issue between the plaintiff, the obligees named in the bond, and the sureties. The court there laid down as a rule of pleading that a petition on an injunction bond against the sureties must allege that the plaintiff in the injunction suit has not paid the damages arising for which recovery is sought against the sureties. Other cases from other jurisdictions have been called to our attention by defendant in his brief, which broadly apply the rule irrespective of whether the action is against the principal obligor or the sureties or both. That appears to be immaterial. The rule rests on the theory that the bond is not breached until nonpayment of the damages that may accrue under the bond.

In Hart v. Hamra, supra, the court intimated that the petition in that case may have been sufficient as against a general demurrer had there been an implied allegation of nonpayment, for it was there said:

"Nor is there any allegation from which such nonpayment can be implied."

In the case at bar, the instrument that required defendant to respond in damages, if such contingency arose, was by exhibit made a part of the petition. It was the basis of the suit, and its exhibit in effect was tantamount to an allegation that the bond to the date of filing the action was not discharged, which by its terms could have been the case only if such damages as may have accrued had been paid. The contingency had arisen upon determination by the court that the injunction should not have been granted which was alleged. By appropriate terms the manner in which plaintiff considered himself injured and damaged was detailed with clarity, with the monetary value of the particular damage fixed, and the aggregate amount thereof stated. That the temporary injunction granted defendant upon his application pending determination of the injunction case was the direct and proximate cause of the injury to plaintiff out of which the damage arose was clearly asserted. The relief to which plaintiff supposed himself entitled was a judgment against defendant for the aggregate sum of the several items of damage, which consisted of loss of rentals, damages, and attorney's fees paid by plaintiff in settlement of a suit against him by his tenant, and attorney's fees paid in his defense against the injunction suit, for the recovery of which from defendant he, in conformity to law, was seeking aid at the ministering hand of a court of competent jurisdiction.

Upon the filing of his general demurrer, defendant admitted the truth of these allegations and the logical and rational inferences to be drawn therefrom, and this was likewise the case when later the sufficiency of the petition was challenged by other objection by defendant interposed.

In St. Louis & S. F. R. Co. v. Bateman, 112 Okla. 86, 240 Pac. 110, in paragraph 4 of the syllabus, it was said:

"Defendant's demurrer to plaintiff's petition and defendant's objection to the introduction of evidence by plaintiff in support of his petition on the ground that the petition does not state facts sufficient to authorize a recovery, for the purpose of consideration of such demurrer and objection, admit the truth of the allegations and the logical and rational inferences to be drawn therefrom; and both are properly overruled where the allegations and logical and rational inferences to be drawn therefrom will authorize a recovery."

The pertinent allegations of fact as above set out, contained in plaintiff's petition, in our view, warrant the implication of nonpayment of the amount of damages stated, and thus the petition in that manner contained the allegation of that breach of the bond necessary to maintain the action. Being

of that opinion, therefore, we conclude that where a petition in an action on an injunction bond does not expressly allege nonpayment of the damages accruing thereunder but contains allegations from which nonpayment may be implied, it is sufficient to withstand attack by a general demurrer based on the ground of insufficiency to state a cause of action for want of such express allegation. Therefore, the demurrer was properly overruled.

The other points set out under the first proposition, not having been presented in the brief of defendant, are deemed to have been waived, and for that reason they are not here considered.

Defendant next complains of the judgment as follows:

"The court erred in overruling plaintiff in error's motions to strike, and in admitting incompetent, irrelevant and immaterial evidence over the objections of plaintiff in error."

Thereunder, the ground of complaint was the refusal of the court to strike from the petition an allegation of damage and attorney's fee paid by plaintiff in settlement of a suit against plaintiff by his first-floor tenant, based on injury to tenant's stock caused by a want of proper protection against the elements and loss of profits due to failure of performance of contract by plaintiff in the construction of the addition to plaintiff's building, to which suit defendant was not a party, and the admission of evidence over the objections of defendant in support of this allegation. This raises the question of whether or not defendant is liable under his bond for monies thus paid by plaintiff, which it was asserted he was thus compelled to pay by reason of defendant's injunction which prohibited completion of the building.

The rule is well established that:

"In determining the measure of damages for wrongfully suing out an injunction restraining the exercise of acts of ownership over realty, the court should act upon equitable principles, and award such damages as proximately result from the injunction." Stone v. Hunter Tract Improvement Co., 68 Wash. 28, 122 Pac. 370, 39 L. R. A. (N. S.) 180; 14 R. C. L. 483, par. 185; 32 C. J. 464, sec. 807.

Plaintiff had entered into an oral agreement with his tenant, whereby plaintiff would construct the addition to his building to accommodate the expansion of tenant's business by the addition of two pool tables which he thereupon acquired. The loss of profits from tenant's inability to expand his business was clearly established by the proof, as well as damage to his stock, which exceeded the amount for which settlement was made. That plaintiff was unable to fulfill his contract with his tenant by force of the injunction, there can be no doubt. This, however, did not protect him against liability for failure to thus perform his contract. Wilkerson v. First National Fire Ins. Co., 72 N. Y. 499; Jacksonville M. P. Ry. v. Hooker, 160 U. S. 514, 40 L. Ed. 524; City of Montpelier v. National Surety Company, 97 Vt. 111, 122 Atl. 484; Clements v. Jackson, 61 Okla. 247, 161 Pac. 216. It must therefore be apparent that defendant's injunction was the proximate cause of plaintiff's outlay in defending himself against the suit brought by his tenant. Defendant's contention that he was not a party to that suit, and hence cannot be held liable under his bond, in the circumstances of this case, does not succor him. A party suing out a wrongful injunction cannot shield himself from the consequences of its operation when he knows that the other party must yield obedience thereto.

Under the state of the facts in the cause at bar, therefore, we hold that damages as loss of profits and injury to stock, and reasonable attorney's fee, paid by a party enjoined in settlement of a suit against him by his tenant for failure of performance of a contract by the party enjoined to construct an addition to his building to accommodate expansion of his tenant's business, are proper elements of damages recoverable in an action on an injunction bond, where the temporary injunction was wrongfully sued out and it is established that it was the proximate cause of inability of performance of the contract. Neither action of the trial court hereunder complained of was error.

Defendant finally complains of the judgment as follows:

"The court erred in refusing to give plaintiff in error's requested instruction numbered 2."

The requested instruction refused by the court was as follows:

"You are instructed that when any person suffers damage by the act of another he is under a duty to minimize his damage if he can do so at a reasonable expense on his part, and if you find from the evidence in this case that the plaintiff could have saved himself from suffering any part of the damage he claims at a reasonable expense and failed so to do, then in that case the plaintiff would not be entitled to recover for such part of the damage."

In lieu of this requested instruction, the court gave the following instruction:

"You are instructed that the temporary injunction which had been granted enjoined said plaintiff herein from building or completing the building in controversy. And in this connection you are instructed that it was the duty of the plaintiff to use prudence and reasonable care and diligence not to augment the damages, if any, to himself after the granting of said injunction; and if you find and believe from a preponderance of the evidence that he did augment any damages to himself by reason of lack of prudence and reasonable care and diligence after the granting of said injunction, you are told that you will not allow plaintiff any amount for any such damages, if any such there be, but only for such damages which he may have sustained as a direct and proximate result of the granting of said injunction, as heretofore explained to you."

Defendant contends that the instruction given was correct in so far as it stated the rule, but that it should have gone to the extent of further advising the jury that it was the duty of the injured party not only not to augment the damages, but to minimize the same, and that the refusal of the court to give the requested instruction which covered the omitted portion of the court's instruction was prejudicial to the substantial rights of defendant. There was evidence in the record to show that by an expenditure of a reasonable sum of money, plaintiff could have avoided injury to his tenant's property and certain loss of profits resulting from the exposed condition of the building, and a part of his own loss of profits, that is to say, he could have minimized the damage resulting from the elements by constructing or extending the gutter from the roof of his building so that the rainfall would have been carried beyond the interior of the building as planned, and that the improvised wall may have been made more secure against the elements by batting or by the use of roofing or building paper on the wall which had been constructed with lumber or planks extending from the base to the roof but left open at the joints.

It is a well-recognized rule that:

"A party suing on an injunction bond may not recover any damages which he might have avoided by ordinary care, and he must use ordinary care pending the injunction, and no expense will be allowed unless it was reasonable and incurred in consequence of the injunction in the exercise of ordinary care." Citizen's Trust. etc. Co. v. Ohio Valley Tie Co., 138 Ky. 421. 128 S. W. 317; Johnson v. Brown, 138 Tenn. 395, 198 S. W. 243, Ann. Cas. 1918C, 672.

This is but the application of the general controlling principle of the law in all cases involving the recovery of damages. It is to be observed, however, that it is also the rule that:

"A failure to attempt to mitigate damages will not bar plaintiff entirely from a recovery, but will only prevent the recovery of such damages as might have been avoided by reasonable efforts upon his part." 17 C. J. 770, sec. 96, and cases cited.

The total expenditure under the record that may have been made by the plaintiff to minimize his damages was approximately $150. The amount for which he sued was $2,950. The verdict of the jury was for $1,500. There were no special findings which would place beyond conjecture just what elements of damages were considered, or what deductions were made by the jury in arriving at their general verdict. However, it is apparent, under the record, that the jury must have made certain allowances on the amount of damages claimed, for the evidence, without considering that in mitigation, reasonably sustained approximately the amount for which recovery was sought. While there is merit in defendant's contention hereunder, and the principle of his requested instruction should have been incorporated in the instructions given by the court, yet, in the circumstances of the case under the record, we think the rule laid down in Big Jack Mining Co. v. Parkinson, 41 Okla. 125, 137 Pac. 678, by paragraph 4 of the syllabus is here applicable. This reads as follows:

"Whether, in a given case, there should be a reversal for error in giving an instruction depends quite as much upon the evidence before the jury to which the instruction might be applied as upon the abstract accuracy of the language of the instruction, and so, if it is apparent that the language of the instruction, though inaccurate, yet, when applied to the evidence before the jury, it could not have misled the jury to believe their duty was different from what it actually was, the inaccuracy can afford no reason for reversal."

See, also, Teague v. Adams, 52 Okla. 107, 152 Pac. 826; Carver Chiropractic College v. Armstrong, 103 Okla. 123, 229 Pac. 641.

Applying this principle to this phase of the case at bar, we think the contention of defendant hereunder is not well founded.

For the foregoing reasons, therefore, the judgment of the district court is affirmed.

BENNETT, LEACH, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 32 C. J. p. 460, §797. (2) 32 C. J. pp. 464, 465, §807; p. 468, §814; p. 469, §815; p. 472, §818; anno. 39 L. R. A. (N. S.) 180; 14 R. C. L. p. 483; 5 R. C. L. Supp. p. 768. (3) 17 C. J. p. 770, §96; 32 C. J. p. 470, §817; anno. 52 L. R. A. p. 259; 22 L. R. A. (N. S.) 684; 8 R. C. L. p. 444; 2 R. C. L. Supp. p. 610; 4 R. C. L. Supp. p. 553; 5 R. C. L. Supp. 469; 6 R. C. L. Supp. p. 507.