## CITIZENS' NATIONAL BANK OF KANSAS CITY *v.* DONNELL.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 36.   Argued November 1, 1904.—Decided November 28, 1904.

Under §§ 5197, 5198, U. S. Rev. Stat., a national bank which compounds interest in a manner prohibited by the State forfeits all interest even though the total interest amounts to less than the maximum rate permitted by the State.

A national bank, met in an action by the plea of usury, may not avoid the forfeiture of all interest by then declaring an election to remit the excessive interest.

THE facts are stated in the opinion.

*Mr. Oliver H. Dean,* with whom *Mr. William D. McLeod* and *Mr. Hale Holden* were on the brief, for plaintiff in error:

The national banking act authorizes the taking of the highest rate allowed by the State. The State allowed eight per cent and the bank never took over seven and a half per cent. The interest on the overdraft at twelve per cent only amounted to $14.51 and the principle of *de minimis* applies. The question of what is compound interest is one for the court.

The method of business to be pursued by a national bank cannot be prescribed by a state statute; it rests upon higher authority. Tyler on Usury, 244.

Promises to pay the highest legal rate of interest semi-annually or quarterly are not usurious. *Hawley* v. *Howell*, 60 Iowa, 79; *Goodrich* v. *Reynolds*, 31 Illinois, 490; *Tallman* v. *Truesdell*, 3 Wisconsin, 343; *Mowry* v. *Shumway*, 44 Connecticut, 493; *Brown* v. *Vandyke*, 8 N. J. Eq. 795; *Ragan* v. *Day*, 46 Iowa, 240; *Mann* v. *Cross*, 9 Iowa, 327.

Compound interest is not of itself usurious if it does exceed the legal rate. *Oyster* v. *Longnecker*, 16 Pa. St. 269; *Lamb* v. *Lindsey*, 4 W. & Ser. 449; *Fisher* v. *Beasley*, 1 Doug. 235; *Wade* v. *Wilson*, 1 East. Rep. 195; *Scurry* v. *Freeman*, 2 Bos. & Pul. 381; *Upton* v. *O'Donahue*, 32 Nebraska, 565; *Mills* v. *Johnson*, 23 Texas, 308; *Brestle* v. *Mehaffie*, 19 Pa. St. 117; *Dey* v. *Dunham*, 2 Johns. Ch. 182; *Tefoel* v. *National Bank*, 24 Nebraska, 815; *Smith* v. *Parsons*, 55 Minnesota, 520.

There is no usury where the bond of the debtor bears no interest but includes the amount of the debt with the interest upon it to the time of the maturity of the bond. Webb on Usury, § 115; *Weaver* v. *Paris Exchange Bank*, 53 Texas, 561; *Mills* v. *Johnson*, 23 Texas, 329; *Camp* v. *Bates*, 11 Connecticut, 495; *Wilcox* v. *Howland*, 23 Pick. 169; *Brown* v. *Crow*, 29 S. W. Rep. 653; *Andrews* v. *Hoxie*, 5 Texas, 194; *Miner* v. *Bank*, 53 Texas, 561; *Martin* v. *Bank*, 5 Tex. Civ. App. 171.

Compound interest at the highest rates allowed by law is not unlawful. Webb on Usury, §§ 123, 125, and cases cited; *Wilcox* v. *Howland*, 23 Pick. 167; cases cited *supra; Mocher* v. *Chapin*, 12 Wisconsin, 453; *Stuart* v. *Petree*, 55 N. Y. 621; *Kellogg* v. *Hickok*, 1 Wend. 521; *Hale* v. *Hale*, 1 Cadw. (Tenn.) 233; *Fobes* v. *Cantfield*, 3 Ohio, 18.

Independent of any contract to pay interest on coupons they bear interest from maturity. This is a question of general commercial law not controlled by state decision. *Gelpcke* v. *Dubuque*, 1 Wall. 206; *Aurora City* v. *West*, 7 Wall. 105; *Genoa* v. *Woodruff*, 92 U. S. 502.

Penalties on overdrafts are not unlawful. The custom to debit and credit interest monthly, computing interest on bal-

ances, does not necessarily involve usury, as the balances may be paid. *Hatch* v. *Douglass*, 48 Connecticut, 116.

There is a custom to charge on overdrafts a penalty. 27 Am. & Eng. Ency. of Law, 994, and cases cited; *Wilday* v. *Morrison*, 66 Illinois, 532; *Gould* v. *Bishop Hill Colony*, 35 Illinois, 324; *Weyrich* v. *Hobelman*, 14 Nebraska, 432; *Wight* v. *Shuck*, 1 Morris, 425; *Conrad* v. *Gibbon*, 29 Iowa, 120; *Gower* v. *Carter*, 3 Iowa, 244.

If the debt be not paid at maturity it is not usury to provide that the debtor may pay the creditor's attorneys' fees for the collection of the debt. *Fowler* v. *Equitable Trust Co.*, 141 U. S. 384; *Smith* v. *Silvers*, 32 Indiana, 321; *Daniels* v. *Silvers*, 32 Indiana, 322; *Nelson* v. *Everett*, 29 Iowa, 184; *Dunn* v. *Rogers*, 43 Illinois, 260.

The right to determine this question should be wholly left to this court.

A parol agreement to pay interest upon interest is valid. *Thayer* v. *Star Mining Co.*, 105 Illinois, 541, 553; *Fessenden* v. *Taft* (N. H.), 17 Atl. Rep. 713; *Cameron* v. *Bank*, 37 Michigan, 242; *Brown* v. *Cass County Bank* (Iowa), 53 N. W. Rep. 410; *Gill* v. *First National Bank* (S. D.), 57 N. W. Rep. 503; *First National Bank* v. *Fenn* (Iowa), 39 N. W. Rep. 279.

The new notes were not tainted with usury because the former notes were. *Porter* v. *Jeffries*, 18 S. E. Rep. (S. Car.), 229; *Smith* v. *Heath*, 4 Daly (N. Y.), 123; *Bank* v. *Hoagland*, 7 Fed. Rep. 159; *Farmers' &c. Bank* v. *Joslyn*, 37 N. Y. 353. Usury cannot be imputed before it has arisen. By Missouri law usury once collected cannot be collected back. *Ferguson* v. *Boden et al.*, 111 Missouri, 208; *Ransom* v. *Hayes*, 39 Missouri, 445.

Charging interest on overdue interest is not compounding the interest. 16 Am. & Eng. Ency. of Law, 2d ed., 1074.

When an action is brought by a national bank on a note executed in its favor and usury is pleaded, the court will permit such bank to remit the excessive interest stipulated for and recover the debt, with legal interest. This is espe-

cially true when a transaction is in good faith and there was no intention to violate the law. *Brown* v. *Marion National Bank*, 169 U. S. 416.

*Mr. Edward P. Garnett* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a writ of error to the Supreme Court of Missouri on the ground that the plaintiff in error is denied the rights with regard to charging interest conferred upon it by the national banking act. Rev. Stat. §§ 5197, 5198. The suit was brought by the plaintiff in error upon a promissory note for twenty thousand dollars, with interest at eight per cent, made on April 29, 1892. The facts, shortly stated, are as follows: On October 29, 1892, the plaintiff bought the defendant's note for $15,000, with interest at seven per cent. On July 12, 1895, the defendant being behindhand with his payments of interest and also having overdrawn a bank account which he kept in the plaintiff's bank, he gave the plaintiff a new note for $17,500, and interest at seven per cent, in satisfaction of both liabilities. The amount of this note included three semi-annual interest charges, of $525 each, with a few days' further interest, on the former note, with interest on this interest from the time it was due, and charges of one per cent or more a month on the amount overdrawn each month. It left the defendant with a credit on his bank account of $230.50. On April 29, 1896, the note in suit and another note for $2,000 were given in satisfaction of the last note for $17,500, and of another note for $2,500, of October 1, 1895, with interest accrued on both, and of an overdraft of $919.90, and a balance of $2.42. The overdraft item included, as before, charges of about one per cent a month on the amounts actually overdrawn.

The Supreme Court of Missouri held that the plaintiff must forfeit all interest from the beginning of the above transactions, and could recover only the original fifteen thousand

dollars, the actual overdraft on July 12, 1895, four hundred and seventy-four dollars and twenty-four cents, the bank credit of two hundred and thirty dollars given the same day, the note of October 1, 1895, for twenty-five hundred dollars, the overdraft on April 25, 1896, of eight hundred and seventy-four dollars and eighty-one cents and the bank credit of two dollars and forty-two cents—in all, nineteen thousand eighty-one dollars and ninety-seven cents, less fifty-five hundred dollars collected on account since the action was begun. 172 Missouri, 384.

By the United States Rev. Stat. § 5197, a bank may charge "interest at the rate allowed by the laws of the State, . . . where the bank is located, and no more." By § 5198 taking, receiving, or charging "a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon." The Revised Statutes of Missouri fix six per cent as the rate of interest in the absence of agreement, § 3705, but allow parties to agree in writing for not over eight per cent. § 3706. They also allow parties to contract in writing for the payment of interest upon interest, "but the interest shall not be compounded oftener than once in a year," § 3711. It will be seen that the charge on the overdrafts went beyond § 3706, and the compounding of the semi-annual interest on the notes encountered § 3711.

The plaintiff in error denies that the prohibition of compounding oftener than once a year affects the "rate of interest" within the meaning of those words in U. S. Rev. Stat. § 5198, and contends that so long as the total sums received would not amount to more than eight per cent on the debt, it has a right to charge them under U. S. Rev. Stat. § 5197, coupled with Missouri Rev. Stat. § 3706. It disposes of the twelve per cent charge on overdrafts by the suggestion that the amount is trifling and *de minimis non curat lex*, and that this charge was a penalty because of a failure to pay a debt

when due, and therefore not usurious. We are of a different opinion. The rate of interest which a man receives is greater when he is allowed to compound than when he is not, the other elements in the case being the same. Even if the compounded interest is less than might be charged directly without compounding, a statute may forbid enlarging the rate in that way, whatever may be the rules of the common law. The Supreme Court of Missouri holds that that is what the Missouri statute has done. On that point and on the question whether what was done amounted to compounding within the meaning of the Missouri statute, we follow the state court. *Union National Bank* v. *Louisville, New Albany & Chicago Ry.*, 163 U. S. 325, 331. Therefore, since the interest charged and received by the plaintiff was compounded more than once a year it was at a rate greater than was allowed by U. S. Rev. Stat. § 5197, and it was forfeited. The suggestions as to the twelve per cent charge on overdrafts do not seem to us to need answer.

There is no doubt, of course, that the court could go behind the face of the present note and analyze the sum which it represents into its original elements. *Brown* v. *Marion National Bank*, 169 U. S. 416; *Haseltine* v. *Central Bank, No. 2*, 183 U. S. 132, 135, 136. These cases sufficiently show also, if more is wanted than the words of Rev. Stat. § 5198, that the court below did not err in forfeiting all the interest from the beginning.

We perceive no warrant in the statute or the cases for the contention that the bank, when it brings the action and is met by the plea of usury, may avoid the forfeiture imposed by Rev. Stat. § 5198, in absolute terms, by then declaring an election to remit the excessive interest.

*Judgment affirmed.*