PEARSON *et al.* v. GLEN LUMBER CO.

No. 5247. Opinion Filed February 8, 1916.

(160 Pac. 48.)

1.  USURY—Chattel Mortgages—Foreclosure in Court—Penalty—Credit on Note. Under section 4416, Comp. Laws 1909, which provides that when a mortgagee has commenced foreclosure of a chattel mortgage by advertisement, if it is made to appear to the satisfaction of the district judge, by the affidavit of the mortgagor, that he has a legal counterclaim or other valid defense, against the whole or any part of the amount claimed to be due, the judge may enjoin the foreclosure by advertisement, and direct that all further proceedings for foreclosure be had in a court properly having jurisdiction of the subject-matter, **held,** that when the mortgagor satisfactorily shows that a usurious rate of interest has been charged and reserved in the note secured by the mortgage, this constitutes a valid defense to part of the amount claimed to be due; and that the judge must, under such showing, enjoin foreclosure by advertisement, and direct all further proceedings for foreclosure to be had in a court having jurisdiction of the subject-matter, where the mortgagor may have his day in court, and be heard on his defense, before being deprived of his property; and further, that if usury is proven, the amount actually loaned must be credited with double the amount of the interest charged or reserved in the note.

2.  **INJUNCTION—Issuance of Writ—Jurisdiction—County Judge.**
    Article 7, sec. 12, of the Constitution of Oklahoma, is broad enough
    to authorize the county judge, in the absence of the district judge
    from the county, to issue writs of injunction in any matter in
    which the district judge himself would be authorized to issue
    such writs.

3.  **CHATTEL MORTGAGES—Foreclosure—Proceedings in Court.**
    Where there has been a showing made that the mortgagor has
    a legal counterclaim or other valid defense against the whole
    or any part of the amount claimed to be due under a chattel
    mortgage, the only discretion the judge has is to determine
    whether or not the facts pleaded constitute a legal counterclaim
    or valid defense against the whole or any part of the debt. And
    if they do, he has no other alternative than to grant the remedy
    provided by section 4416, Comp. Laws 1909.

4.  **SAME—Rights of Mortgagor—Tender.** Where the mortgagor is
    entitled to the benefit of section 4416, Comp. Laws 1909, he is
    not required to tender to the mortgagee the amount admitted to
    be due or to offer to pay any sum that may be ascertained to be
    due, before availing himself of the benefit of this statute; for to
    require this would be to render the statute nugatory, and in many
    instances deprive the mortgagor of the benefit of the very remedy
    the statute is intended to afford.

(Syllabus by Brett. C.)

*Error from District Court, Lincoln County;*
*Chas. B. Wilson, Jr., Judge.*

Action by J. L. Pearson and another against the
Glen Lumber Company, a corporation. Judgment for
defendant, and plaintiffs bring error. Reversed and re-
manded.

*P. D. Erwin* and *Walter C. Erwin,* for plaintiffs in
error.

*Ira E. Billingslea,* for defendant in error.

Opinion by BRETT, C. The plaintiffs in error, as
plaintiffs below, commenced this action against the de-
fendant in error, as defendant below, to enjoin the de-
fendant from foreclosing a chattel mortgage by adver-
tisement; and asking that the foreclosure be had in a

court having jurisdiction of the subject-matter. The facts that are material to a correct determination of this case are that the defendant held a chattel mortgage against all of the personal property of the plaintiffs, and had commenced foreclosure by advertisement. The plaintiffs filed their petition in the district court admitting the execution of the note and mortgage, but alleging that a usurious rate of interest had been charged and reserved in the note, and pleaded this as a legal defense against the collection of a part of the amount claimed to be due on the mortgage. The petition was duly verified and supported by affidavit. There was also an affidavit that the district judge was absent from the county. Under this showing the county judge made an order enjoining the defendant from foreclosing the mortgage by advertisement, and directing that further proceedings for the foreclosure of said mortgage be had in a court having jurisdiction of the subject-matter. The defendant demurred to the petition, which the court properly overruled. The defendant then answered, among other things, pleading that the plaintiffs had promised to pay the amount claimed to be due after the same had matured; and also that the plaintiffs had not tendered the amount they admitted was due the defendant, or offered to pay any amount that might be ascertained to be due. There were a number of motions filed which are immaterial to the question involved in this action. On May 27, 1913, the district judge entered a judgment and order dissolving the injunction issued by the county judge, on the ground that the judge of the county court was without jurisdiction in the premises. And from this judgment and order the plaintiffs appeal to this court. We

think the court erred in dissolving the injunction, and in not granting the relief prayed for in the petition.

1. This action was brought under section 4416, Comp. Laws 1909, and this statute is plain, clear, and unambiguous, and provides that:.

"A mortgagee of personal property, when the debt to secure which the mortgage was executed becomes due, may foreclose the mortgagor's right of redemption by a sale of the property, made in the manner and upon the notice prescribed by the article on pledge, or by proceedings under civil procedure: Provided, that when the mortgagee, his agent or assignee, has commenced foreclosure by advertisement, and it shall be made to appear by the affidavit of the mortgagor, his agent or attorney, to the satisfaction of the judge of the district court of the county where the mortgaged property is situated, that the mortgagor has a legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage, such judge may, by an order to that effect, enjoin the mortgagee, his agent or assigns, from foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure of such mortgage be had in the court properly having jurisdiction of the subject-matter."

And under the showing made by the plaintiffs that usury had been charged and reserved in the note which this mortgage was given to secure, there can be no question that it was the duty of the court to enjoin the foreclosure of the mortgage by advertisement, and direct that all further proceedings for the foreclosure of such mortgage be had in a court properly having jurisdiction of the subject-matter, where the mortgagors might set up their defense, and have their rights adjudicated before being deprived of their property. They were entitled to

show how much usury had been charged and reserved in this note, and, if they proved the transaction was usurious, to have the amount actually loaned credited with double the amount of the interest so charged and reserved; for the statute provides:

"That the taking, receiving, reserving, or charging, a rate of interest greater than that allowed by the preceding section shall be deemed a forfeiture of twice the amount of interest, which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid."

The intention of this statute is to penalize the lender by requiring him to forfeit and pay to the borrower "twice the amount of interest" he has exacted of the borrower. And if it should turn out that double that amount was in excess of the principal sum loaned upon the note remaining unpaid, the plaintiffs would be entitled to a judgment, against the mortgagee, for the amount of that excess.

The Dakotas have a usury statute very similar to ours, except that it omits the penalty of double the amount of usury charged or reserved in a note. And in *Waldner v. Bowden State Bank,* 13 N. D. 604, 102 N. W. 169, 3 Ann. Cas. 847, in construing this statute the court says:

"The latter section provides for a penalty for usurious transactions under two independent conditions: (1) When usury rests in contract, and has only been charged; (2) when it has been paid. In cases where usury has been charged and not paid, and the usurer brings an action upon his contract, the illegality of the contract may be alleged as a defense, and if proven, the entire interest due upon the contract becomes forfeited, and no recovery

can be had upon the contract, except as to the principal sum loaned."

That usury charged in a note but not paid may be pleaded as a set-off, in a suit to collect the note, seems to be the only legitimate construction that can be placed upon this statute, and is in harmony with the decisions of the courts, having statutes similar to ours, that have passed upon this particular phase of the usury law. *Farmers' & Merchants' National Bank of Buffalo v. Dearing,* 91 U. S. 29, 23 L. Ed. 196; *Citizens' National Bank v. Donnell,* 195 U. S. 369, 25 Sup. Ct. 49, 49 L. Ed. 238; *McCarthy v. First National Bank,* 23 S. D. 269, 121 N. W. 853, 23 L. R. A. (N. S.) 335, 21 Ann. Cas. 437.

The foreclosure by advertisement is only contemplated where there is no controversy between the parties as to the amount due, and where the mortgagor has no counterclaim or other legal defense to the whole or any part of the debt. But where there is a controversy as to the amount due, and the mortgagor makes a proper showing that he has a counterclaim or other legal defense to any part of the amount claimed to be due, that raises an issue which only a court of competent jurisdiction can determine. And the mortgagor has a right to be heard on this issue, and to have his day in court. This statute is susceptible of no other construction.

2.    Again, we think, the court erred in holding that:

"The order of injunction was issued by the judge of the county court without jurisdiction in the premises."

Article 7, sec. 12, of the Constitution of Oklahoma, provides that:

"In the absence of the judge of the district court from the county, or in case of his disqualification for any reason, the county court, or judge thereof, shall have power to issue writs of injunction in matters about to be brought or pending in the district court."

This provision, we take it, was not put in the Constitution by accident, but was put there with a view of effectually protecting and safeguarding the rights of citizens; and it is broad enough to authorize the county judge, in the absence of the district judge from the county, to issue writs of injunction in any matter in which the district judge himself would be authorized to issue such writs. That is clearly the purpose and intention of the provision.

3. The plaintiffs in the case at bar were clearly entitled to the relief provided by section 4416, Comp. Laws 1909; for, where there has been a satisfactory showing made that "the mortgagor has a legal counterclaim or other valid defense against the collection of the whole or any part of the amount claimed to be due under such mortgage," it is not, as the defendant argues, a matter of discretion with the judge as to whether or not he will issue the writ; but the only discretion he has is to satisfy himself as to whether or not the facts pleaded constitute a legal counterclaim or valid defense to the whole or any part of the amount claimed to be due on the mortgage. And if they do, he has no other alternative than to grant the remedy provided by this statute.

4. And the mortgagor is not required, as the defendant contends, to tender the amount admitted to be due, or to offer to pay any balance that may be ascertained to be due, under the mortgage, before he is entitled to this remedy. If that were true, the effect of such require-

ment would, in many instances, be to deprive the mortgagor of the benefit of this remedy; for in many instances, just as in the case at bar, the mortgagee already has all the property that the mortgagor owns covered by his mortgage.

We recommend that the judgment be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.