## DUNCAN v. FIRST NAT. BANK OF HEALDTON.

No. 17558—Opinion Filed Nov. 16, 1926.

(Syllabus.)

1. **Bills and Notes—Holder for Value—Antecedent Debt as "Value."**

Under section 7696, Comp. Stats. 1921, where value has at any time been given for the instrument, the holder is deemed a holder for "value" in respect to all parties who became such prior to that time; and under section 7695, Comp. Stats. 1921 an antecedent or pre-existing debt constitutes value.

2. **Trial — Right to Directed Verdict on Cross-Petition.**

Where, under the pleadings, the defendant is entitled to recover on its cross-petition unless certain affirmative defenses pleaded by the plaintiff are sustained, and when no evidence is produced reasonably tending to support such defenses, a verdict should be directed in favor of defendant on its cross-petition.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by J. M. Duncan against the First National Bank of Healdton. Judgment for defendant, and plaintiff appeals. Affirmed.

N. E. Ticer and Brown, Brown & Williams, for plaintiff in error.

Dolman & Dyer and Johnson & McGill, for defendant in error.

PHELPS, J.   This cause was originally filed in the district court of Carter county by plaintiff in error, who was plaintiff below, in which action he prayed for an injunction enjoining the defendant in error, which was defendant below, from selling certain stock in the Standard Oil Company, and which plaintiff alleged defendant claimed was hypothecated to it by plaintiff. De-

fendant filed its answer and cross-petition, praying for a judgment on certain promissory notes signed by plaintiff and payable to defendant, and also that such judgment be declared a lien upon the stock hypothecated and for an order of sale of such stock to satisfy such judgment. Plaintiff filed his answer to the cross-petition, admitting the execution of the notes and the assignment of the stock, but as a defense pleaded a failure of consideration, and also that he was merely an accommodation maker.

The case was tried to a jury, and at the conclusion of plaintiff's evidence the court sustained a demurrer thereto and directed the jury to return a verdict for defendant, and from the judgment rendered upon such verdict this appeal is prosecuted.

It will be seen that the sole question presented here is whether the court erred in sustaining defendant's demurrer to plaintiff's evidence.

It appears that one O. D. McClure was obligated to the defendant bank on certain notes made payable to the bank, and on other notes which he had indorsed, and when the Bank Commissioner examined the bank he criticized the line of credit extended by the bank to McClure and demanded that McClure's obligation to the bank be reduced or secured. Whereupon, McClure went to the plaintiff and induced plaintiff to sign the notes sued upon and to assign the shares of stock as security for the notes. These were by McClure delivered to the bank, and at least a portion of the paper criticized by the Bank Commissioner was surrendered to the makers and indorsers, and plaintiff's defense in this action was that the notes were without consideration and that he executed the notes and assigned the stock as an accommodation maker in order that the bank might make a good showing to the Bank Commissioner. It is not contended by him that he ever had any transactions directly with any officer of the bank, but he claims that McClure was acting as agent for the bank and that the bank was bound by McClure's statements that the stock hypothecated would not be subjected to the payment of the debt, nor would plaintiff ever be required to pay the notes.

In his pleadings plaintiff claims that McClure was acting for and at the request of the bank when he asked plaintiff to sign the notes and assignment of stock, but at the trial he testified that he executed these notes and the assignment at the request of McClure to "help him out," and that these notes were "to take up bad notes that he was on

over at the bank, that the Bank Examiner wouldn't pass them," and that McClure told him that "it would never cost him a dime." And McClure testified that the cashier of the bank told him that his past due notes at the bank must be fixed up, and that he procured the notes and assignment from plaintiff "to put it in the bank to take up other notes that had been criticized, on which I was indorser, something like that."

In their briefs counsel for plaintiff contend that there was no consideration in extension of time, saying:

"All these notes were past due at the time, and it is probable that if the time of payment of the notes had been extended this would have been sufficient consideration for the execution of the note by Duncan. However, the notes given were demand notes, so that no extension whatever was granted because of the execution of these notes, and no other consideration passed either to Duncan or McClure."

However, section 7695, Comp. Stats. 1921, provides that:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value and is deemed such whether the instrument is payable on demand or at a future time."

There is no contention that the notes taken out of the bank and for which the notes in this action were substituted were not given for a valuable consideration.

In Douthat v. Bank of Quapaw, 96 Okla. 289, 222 Pac. 547, in the first paragraph of the syllabus this court said:

"Under section 7696, Comp. Stats. 1921, where value has at any time been given for the instrument, the holder is deemed a holder for 'value' in respect to all parties who became such prior to that time; and under section 7695, Comp. Stats. 1921, an antecedent or pre-existing debt constitutes value."

It is our conclusion, therefore, that the evidence wholly fails to sustain the contention that plaintiff executed the notes as an accommodation to the bank, and that the evidence conclusively shows that the notes were executed for a valuable consideration as defined by the statutes of Oklahoma, and under the rule laid down in Conwill v. Eldridge, 71 Okla. 223, 177 Pac. 79, and Roberts v. Southwestern Surety Ins. Co., 80 Okla. 280, 195 Pac. 1082, it was the duty of the court to sustain the demurrer and direct a verdict for defendant.

The judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 8 C. J. p. 217, §351; pp. 493, 494, §704; 3 R. C. L. p. 1057; 1 R. C. L. Supp. p. 965; 5 R. C. L. Supp. p. 217 (2) 38 Cyc. p. 1580 (Anno).