## FIRST NAT. BANK OF HEALDTON v. DUNCAN et al.

No. 19034. Opinion Filed March 11, 1930.

122

FOSTER, C. This action was brought in the district court of Carter county by the plaintiff in error, First National Bank of Healdton, to recover upon an injunction bond against J. M. Duncan, as principal, and Chas. Grad and R. G. Hall, as sureties. The parties appear as they did in the trial court.

The record discloses that, in 1925, J. M. Duncan was indebted to the Healdton State Bank and First National Bank on certain promissory notes. As security therefor, he assigned to the bank 49 shares of stock in the Standard Oil Company of New Jersey. The assets of the Healdton State Bank were assigned to the First National Bank, plaintiff herein. Duncan having defaulted, the First National Bank advertised the oil stock for sale pursuant to the law governing pledged property. Duncan thereupon filed an action in the district court to enjoin the First National Bank from selling the property pursuant to section 7645, C. O. S. 1921. In this action he was joined as parties plaintiff by three other persons. A restraining order was issued, and later a temporary injunction, and upon final hearing, a permanent injunction, restraining and enjoining the First National Bank from selling the oil stock by advertisement, which required the bank to proceed to foreclose the same in a court of competent jurisdiction.

Upon the issuance of the temporary injunction, the court required Duncan to give an injunction bond in the sum of $500, which he accordingly did, signed by himself, as principal, and Chas. Grad and R. G. Hall, as sureties. Thereupon the bank filed an action to foreclose its lien against the oil stock and for judgment, which case resulted in a judgment in favor of the bank, and was appealed to this court by the defendant Duncan, and the judgment affirmed; the same being cause No. 17558, entitled J. M. Duncan v. First National Bank of Healdton, decided November 16, 1926, reported in 122 Okla. 58, 251 Pac. 69. After the rendition of that opinion, the bank proceeded to sell the oil stock by advertisement, the same being sold for $37.50 a share, which was not sufficient to satisfy the judgment against Duncan. Execution was then issued and returned "No property found."

This action is then brought by the bank to recover against Duncan, as principal, and Grad and Hall, as sureties, on the injunction bond for the difference between the amount which the oil stock brought at the sale, and the amount which it would have brought had it been sold at the time it was origin-

Dolman & Dyer, for plaintiff in error.

Davis & McCabe, for defendants in error

ally advertised. The record discloses that had the stock been sold at the time originally advertised, it would have brought $44 a share.

The trial court entered judgment in favor of the defendants, and from this judgment the plaintiff appeals. There is no dispute about the testimony, and the parties are agreed as to the propositions raised by this appeal.

The first question presented is whether or not an injunction bond was properly required by the court in the injunction action filed by Duncan. It is the contention of the plaintiff that the injunctive relief provided for by section 7645, supra, is no different from any other injunctive relief, and that a bond is required under that section the same as any other. Since the section itself does not specifically require a bond, the general law of injunctions governs. On the other hand, it is the contention of the defendants that no bond is required by said section, and there is no consideration for the bond; that the mortgagor or pledgor has an absolute right to object to the sale of the pledged property by advertisement, and the mere filing of an affidavit alleging a defense or set-off to the debt for which the property is pledged, is sufficient to authorize the court to grant the injunction and to compel the mortgagee to go into a court of competent jurisdiction and foreclose his mortgage.

Section 7645, supra, reads as follows:

"A mortgagee of personal property, when the debt to secure which the mortgage was executed becomes due and is not paid, may foreclose the mortgagor's right of redemption by a sale of the property, made in the manner and upon the notice prescribed by the chapter on Pledge, or as hereinafter provided, or by proceedings under Civil Procedure: Provided, that when the mortgagee, his agent, or assignee, has commenced foreclosure by advertisement, and it shall be made to appear by the affidavit of the mortgagor, his agent or attorney, to the satisfaction of the judge of the district court of the county where the mortgagor has property is situated, that the mortgagor has a legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage, such judge may, by an order to that effect, enjoin the mortgagee, his agent, or assignee, from foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure of such mortgage be had in the court properly having jurisdiction of the subject- matter."

It will be seen that this section makes no reference to a bond. The general law on injunctions, concerning the giving of a bond, is contained in section 415, C. O. S. 1921, which is as follows:

"Unless otherwise provided by special statute, no injunction shall operate until the party obtaining the same shall give an undertaking with sufficient surety, to be approved by the clerk of the court granting such injunction, in an amount to be fixed by the court or judge allowing the same, to secure the party injured the damages he may sustain, including reasonable attorney's fees, if it be finally decided that the injunction ought not to have been granted."

It will be observed from this section that, unless otherwise provided by statute, no injunction shall be granted unless a bond is given. Section 405, C. O. S. 1921, sets out the cases in which injunctions may be granted; the latter part of that section, after enumerating many cases, is as follows: "It may also be granted in any case where it is specifically authorized by statute."

The court in the instant case required the defendant to give a bond, and we think under the circumstances here presented the court had a right to do so, and the sureties became liable for any damage resulting to the plaintiff by reason of the issuance of the injunction, in the same manner as though the injunction had been issued under the general law governing injunctions.

This question seems never to have been passed upon in this state. Many cases are cited by both plaintiff and defendants. The plaintiff relies upon Pearson v. Glen Lbr. Co., 55 Okla. 280, 160 Pac. 48. In that case however, the chief question presented was whether or not an injunction, such as the one in the case at bar, could be issued by the county court, in the absence of the district court; this court deciding that the county court had jurisdiction. The question of the giving of a bond was not presented. Certain language used by the court, perhaps, supports our contention. Also, the case of Offutt v. Wagoner, 30 Okla. 458, 120 Pac. 1018, was an action upon an injunction bond, and the record in that case discloses that the injunction was granted to enjoin the sale of property by a mortgagee, as in the case at bar, but here again the question was not presented. The court seems to have assumed the right to require a bond.

Our court seems to have long recognized the general principle that the better practice is to require the giving of a bond in all

injunction suits. In the very early case of Ex parte Grimes, 1 Okla. Cr. 102, 94 Pac. 668, the court said:

"No bond is by statute required on the issuance of a temporary restraining order, although many authorities hold that it is better practice to require it. * * * It is better practice to require bonds in all such cases."

The right to require the giving of an injunction bond is stated in 32 C. J. p. 310, as follows:

"At the present time, independent of any statutory provision, the power of the courts of equity on application, for preliminary injunction to require from the complainant a bond to indemnify the defendant, against whom the injunction is sought, as a condition precedent to granting the injunction, is too well established to be open to question, and the bond may be required whether the injunction is granted on notice, or in the absence of notice."

The defendants, however, contend that, if the general law on injunctions requires the giving of a bond in the instant case, section 415, supra, so far as it applies to the facts here presented, is unconstitutional. In support of this contention, the defendants rely upon the general rule that the Legislature has no power to restrain the defendants in the bringing of a suit, and that every man is entitled to his day in court before his rights can be finally disposed of, and he cannot be divested of his rights by any act of the Legislature; that such would be contrary to the due process provision of the Constitution. Several cases are cited in support thereof, but we think it will be admitted that such is the general rule. We believe the same contention could as logically be argued in any suit for injunction in which a bond is required. However, the fallacy of defendants' argument arises from the fact that their final rights are not determined by the injunction suit, nor by the sale of the property. If the mortgagee sells the p'edged property unlawfully, the mortgagor would still have his action in damages, although he did not apply for an injunction.

The defendants rely upon certain statements of the court in the case of Pearson v. Glen Lbr. Co., supra, in which this court says:

"It is not, as the defendant argues, a matter of discretion with the judge as to whether or not he will issue the writ; but the only discretion he has is to satisfy himself as to whether or not the facts pleaded constitute a legal counterclaim or valid defense to the whole or any part of the amount * * * due on the mortgage. And if they do, he has no other alternative than to grant the remedy provided by this statute."

As above stated, in that case the question of the right to require a bond was not presented. It was a question of whether the county court, in the absence of the district court, could issue the order, and a bond was given in that case. As to whether or not the court must require a bond in all cases, we do not determine. Neither do we decide whether or not the trial court must, in all cases, grant the order; but we are of the opinion that he has a right to require a bond before the order is issued, and he did so require it in the instant case.

The second proposition presents the question of whether or not the granting of a permanent injunction under the facts in this case, which order is not unappealed from, is sufficient to relieve the sureties on the injunction bond. At a hearing before the court in the original injunction action, the court granted a permanent injunction. The defendants there (plaintiffs in this case) took an exception, filed motion for a new trial, which was overruled, and notice of appeal was given, but no appeal taken.

It is the contention of the defendants in this case that this constituted a final determination of the action so far as the injunction is concerned, and finally determined everything that is necessary under section 7645, supra. With this contention we cannot agree. We think the injunction provided for in section 7645, supra, is a provisional remedy. Said section provides, among other things, that "such judge may by an order to that effect enjoin the mortgagee;" and section 404, C. O. S. 1921, in defining injunctions and how they operate, provides, among other things, that "it may be the final judgment in an action, or may be allowed as a provisional remedy, and, when so allowed, it shall be by order."

Under these sections, we think it was the intention of the Legislature that the injunction granted in this case was a provisional remedy, and that the final determination of the case is controlling as to whether or not the injunction should have been issued. Defendants admit that it is not necessary for the court to make a specific order dissolving an injunction, but, under ordinary circumstances, an adverse decision has the effect of so dissolving; but contend that, under the facts presented here, the only object of the injunction is to compel the mortgagor to go into a court of competent jurisdiction to determine whether or not he has

a right to advertise and sell the pledged property; and the granting of the permanent injunction having that effect in the case at bar, the purposes for which the injunction was issued were finally determined and settled between the parties, and no appeal taken. Therefore, no action can be brought against the sureties.

However, we are inclined to the view that, under the facts here presented, this injunction being purely a provisional remedy, the right of the mortgagor to secure an injunction depended upon the final determination of the action on its merits. It was finally determined in that action, by an opinion of this court in Duncan v. First Nat. Bank, supra, that the mortgagor had no such right, because the allegations of his affidavit were not supported, as that case determined. We think this was a final determination that the injunction ought not to have been granted. While not directly in point, we think the following cases support this view: Wilson v. Board of County Com'rs, 64 Okla. 266, 167 Pac. 754; Whitehead v. Cook, 100 Okla. 282, 229 Pac. 254; Fox v. Hudson, 20 Kan. 246.

The case of Dadeville v. Wynn (Ala.) 70 So. 197, is relied upon by defendants. In that case, however, an injunction to restrain a street fair, which was advertised to be held for three days, was dismissed by the plaintiff after the time for the holding of the fair. The sureties were held not bound. The effect of the dismissal was to hold that the injunction was properly issued. The case is not in point.

The defendants next contend that, in the case at bar, a judgment has already been granted against the defendant J. M. Duncan, and, therefore, this being the same cause of action and for the same debt, no cause of action can exist against this defendant; and where no cause of action exists against the principal on any obligation due, there can certainly be no cause of action against the sureties. This contention, we think is plainly erroneous under the general rule that an unsatisfied judgment on a debt or claim cannot be pleaded in bar of an action on a note or bond given as collateral security for it, but payment of the judgment recovered on the principal debt will bar any subsequent action on a collateral debt. 34 C. J. p. 853. This contention is based upon the doctrine of res adjudicata, and we think, under the facts here presented, is clearly untenable.

The third question presented is whether or not a bond was, in fact, given as required.

The record in this case shows that the defendant Duncan and three other persons brought the original action to restrain the plaintiff from selling the oil stock. The court held that these four parties were improperly joined as plaintiffs, and directed separate actions to be filed. The original action was No. 14227, but the action filed by this defendant was No. 14250. However, when this action was originally filed by Duncan, it was given No. 14227, but was later changed to No. 14250. The bond sued upon herein was filed in cause No. 14227, but the bond recites that J. M. Duncan is plaintiff and the First National Bank defendant, while the original action, No. 14227, recites that J. J. Kaiser is plaintiff and the First National Bank is defendant. In other words, the clerk simply filed the bond in the wrong case and gave it the wrong number. We do not think this constitutes any defense to the bond. It might be stated that the bond recites on its face that "the plaintiff, J. M. Duncan, has obtained an order of injunction." At any rate, on the strength of this bond, the injunction was actually issued, and the plaintiff in the case at bar was actually restrained from selling the oil stock given as security.

The plaintiff further contends that the defendants admit the execution of the bond, but this we do not decide, as we think the record discloses a good bond, whether admitted by the plaintiff or not.

The fourth proposition is whether or not the court should reverse the cause with directions. To support this proposition, the plaintiff relies upon the well-established rule that, where the only questions presented are unmixed questions of law, this court will not reverse the cause for a new trial, but will reverse and remand the same with instructions to the trial court to render a judgment which it properly should have rendered. This rule is too well established to need the citation of authorities. It seems, also, to be admitted by the briefs in this case that, in an injunction suit, such as the one here presented, there are three items of damages: (1) The difference in the value of the property at the time the injunction is granted, and the value of the property upon final dissolution of the injunction; (2) interest at the legal rate on the amount which the property would have brought at the time the original sale was to have been held, which was enjoined, up until it was actually sold; and (3) reasonable attorney's fees.

Concerning the first item of damages, we

think that damages for injury to, or depreciation in the value of, property caused by an injunction, may be recovered. 32 C. J. 469; Slack v. Stephens (Colo.) 76 Pac. 741; City of Clay Center v. Williamson (Kan.) 100 Pac. 59. Under this rule, the correct amount of damages in the instant case would be the difference in the market value of the oil stock on the date the injunction was issued, April 26, 1926, and the value of said stock when it was sold, January 10, 1927. The market value of the stock on those two dates is admitted in the record. The difference in value is admittedly $6 a share. The 49 shares would make a difference of $294. We think the uncontroverted facts show a damage to the plaintiff in that amount.

As to the second item of damages, we think the plaintiff would be entitled to interest at the legal rate on the amount for which the mortgaged property would have sold at the time it was originally advertised for sale up until the time it was actually sold, after dissolving the injunction, where no unnecessary delay is shown. Dodge v. Cohen, 14 App. (D. C.) 582; 32 C. J. 479; Hill v. Thomas, 19 S. C. 230.

The uncontradicted evidence shows that the oil stock would have sold on April 26, 1926, at $44 a share, and the 49 shares would have amounted to $1,256. The legal rate of interest in Oklahoma at 6 per cent. on that amount, to January 10, 1927, would have been $90.55. We think the evidence shows the plaintiff's damage for loss of interest amounts to $90.55. However, it is admitted by the record that the defendant was entitled to the sum of $82, an amount which certain stock options accruing to the stock during the injunction brought at the sale. We therefore conclude that the plaintiff is entitled, under the uncontradicted evidence, to a damage in the sum of $294, as depreciation in stock, plus $90.55 as interest, minus $82, making a total of $302.55.

The third item of damage concerns attorney's fees. Section 415, C. O. S. 1921, provides that a plaintiff in an action of this character is entitled to a reasonable attorney's fee. The record in the case at bar contains testimony tending to show a reasonable attorney's fee in the sum of $500. This testimony on behalf of the plaintiff was stricken by the trial court, and it therefore becomes unnecessary for the defendant to offer evidence to contradict the same. Under this condition of the record, we think the cause should be reversed upon this issue alone, with instructions to the trial court to fix the attorney's fees.

Under the fourth proposition, the defendant contends that the petition in this case fails to allege a cause of action, in that it did not allege the defendants' failure to pay the damages sought to be recovered. In support of this contention, plaintiff cites Hart v. Hamra, 91 Okla. 141, 216 Pac. 649. But we think it is unnecessary to discuss this question, as the identical proposition has been passed upon in a recent opinion by this court in the case of Wyatt v. Marinoff, 131 Okla. 134, 268 Pac. 224, the first paragraph of the syllabus being as follows:

"Where a petition in an action on an injunction bond does not expressly allege nonpayment of the damages accruing thereunder, but contains allegations from which nonpayment may be implied, it is sufficient to withstand attack by a general demurrer based on the ground of insufficiency to state a cause of action for want of such express allegation."

From an examination of the petition in the case at bar, we think this opinion decisive against this contention of defendants.

It is therefore ordered that this cause be reversed and remanded to the trial court, with instructions to grant judgment in favor of the plaintiff for the sum of $302.55, with interest, and reasonable attorney's fees to be fixed by the court, and for costs of this action.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.