## OKLAHOMA NATURAL GAS CO.
### v. HERREN.

No. 33115.    June 15, 1948.

Rehearing Denied Sept. 14, 1948.

*195 P. 2d 278.*

I. J. Underwood, Paul Pinson, and M. C. Rodolf, all of Tulsa, for plaintiff in error.

Allen G. Nichols, of Wewoka, for defendant in error.

LUTTRELL, J.    This is an action for a broker's commission, brought by plaintiff, C. H. Herren, against the Oklahoma Natural Gas Company. The action was tried to the court without a jury, and at the conclusion of all the evidence the trial court overruled defendant's motion for a directed verdict, and rendered judgment for plaintiff on a quantum meruit basis. Defendant appeals.

Defendant contends, (1) that plaintiff's action was barred by the statute of limitation, (2) that the trial court erred in rendering judgment for plaintiff in quantum meruit. We consider the last contention decisive.

The facts alleged in plaintiff's petition, and as testified to by him, are that in July of 1938 he learned that the property of Seminole County Gas & Oil Company was for sale, and acting as a broker, approached defendant and submitted the properties to it; that after various negotiations defendant, on November 10, 1938, submitted to plaintiff in writing an offer to purchase the property of Seminole County Oil & Gas Company under certain conditions in said offer provided, for the sum of $35,000, without the payment of any commission or other expenses; that plaintiff thereafter, by letter, suggested to defendant that it change the offer so that the purchase price would be $32,-000 instead of $35,000, and that the difference between the two sums, being the sum of $3,000, be paid to plaintiff as his commission. Thereupon on December 10, 1938, defendant redrafted its proposal to conform to the suggestion of plaintiff, offering to pay $32,000 for the property, and on the same date, by letter to plaintiff, advised him that if the transaction was finally consummated in keeping with the terms of its offer it would pay him the sum of $3,000 for his services. Then followed this sentence, "Unless the transaction is finally completed as contemplated we will owe you nothing for your services". Plaintiff thereupon endorsed upon said letter an acceptance of its terms, and returned same to defendant.

Plaintiff, proceeding under the above mentioned agreement, negotiated un-

successfully with the Seminole Company for the sale of its properties in accordance with defendant's proposal. The original proposal expired at the end of 60 days, but the offer was renewed or extended, the last extension expiring April 10, 1939. In his amended petition plaintiff alleges that on or about April 15, 1939, he had a conversation with Mr. Peters, the treasurer, and Mr. Bowes, the president of the defendant, and entered into an oral agreement with them that he should continue his efforts as defendant's agent in negotiating for and assisting in making a purchase for them of the properties of the Seminole Company, and that if by reason of plaintiff's efforts and defendant's efforts a purchase of the property by defendant was consummated, it would pay to plaintiff the sum of $3,000 as commission, and that thereupon he continued his attempts to procure the sale of said property to defendant. He further alleged that under this agreement he was to receive the commission of $3,000 if the property should be bought for the sum specified in their previous written agreement, or for any sum less than that amount, and that the property was bought for a lesser sum.

On November 29, 1939, defendant, by letter, advised plaintiff that although the written offer had been extended to April 10, 1939, nothing further had developed looking to the purchase of the properties, and that its offers were terminated and ended, and that the letter was notice to plaintiff of the cancellation and annulment of all its offers to him. On December 5, 1939, defendant purchased the property, according to the uncontradicted evidence, for the sum of $35,000, as the result of negotiations with another broker employed by the Seminole County Gas & Oil Company, which paid such broker's commission.

Defendant, in support of its contention, relies chiefly upon Dunn v. T. J. Cannon Co., 51 Okla. 382, 151 P. 1167,

and Williamson v. Winningham, 199 Okla. 393, 186 P. 2d 644.

In Dunn v. T. J. Cannon Co., supra, we said:

"In an action where the petition declares alone upon an express contract and full performance thereof is pleaded, no recovery can be had upon a quantum meruit."

The same rule is announced in Williamson v. Winningham, supra.

Plaintiff, in this court, concedes that there was no issue raised by plaintiff, or any claim for recovery made by him, upon the basis of quantum meruit. He asserts that the rendition of such judgment was a pure error of law on the part of the court, and that this court should correct the error and modify the judgment to allow plaintiff the full sum of $3,000 sued for by him. He urges that the findings of fact and journal entry of judgment sustain plaintiff's contention that under the oral agreement he was to be paid $3,000 for his services as broker, and that such findings compel the conclusion that the judgment should be modified to read $3,000 instead of $1,750, the amount allowed by the court.

Cases cited by plaintiff, such as Childs v. Cook, 68 Okla. 240, 174 P. 274, and First National Bank of Healdton v. Duncan, 142 Okla. 121, 285 P. 957, hold that where the court renders a wrong judgment because of an error upon an unmixed question of law, this court will reverse such judgment and direct the trial court to render the judgment which should have been rendered.

Examination of the record, however, discloses that the evidence is wholly insufficient to support such a judgment. As stated above, the original written agreement between plaintiff and defendant entitled plaintiff to his commission only in the event, as a result of his negotiations, defendant was enabled to acquire the property of Sem-

inole County Gas & Oil Company for the sum of $32,000. If plaintiff was unsuccessful in producing this result he was to receive nothing for his efforts. The oral contract as testified to by him did not change or modify the original agreement, but simply extended the time within which he might perform it. This is clear from his own testimony. He testified on direct examination that the oral agreement was made in a telephone conversation between him and Mr. Peters, the treasurer of defendant; that he told Peters in such conversation that he was still hopeful that he would be able to get the deal over. His counsel then asked him the following question, to which he returned the following answer:

"Q. What did he say? A. He said, 'That is right, but' he said, 'we are still interested, but not interested a great deal about buying the property during the summer period, because we would have to operate it at a loss.' He said further, 'Go ahead and work on it, and whenever the deal is consummated you will get your $3,000, but it will take a little time to get it straightened out; it will probably take sixty days to get it straightened out,' . . ."

On cross-examination counsel for defendant questioned him as to what was said to him by Peters, and in that examination he testified as follows:

"Q. Did he (Peters) say, 'If we consummate it we will take care of you?' Just what did he say? A. 'If it was consummated according to our agreement we have had, we will take care of you.' Q. That agreement was the one set forth in writing? A. Between the Seminole Oil & Gas Company."

This is the only evidence of the exact terms of the oral agreement, as Peters denied the conversation. From this testimony it clearly and plainly appears that plaintiff's right to the commission of $3,000 depended upon his bringing about a consummation of the sale of Seminole's property to the defendant for the sum of $32,000, which he admits he did not do. The oral agreement did not change the terms of the offer which defendant had theretofore made in writing to plaintiff, nor did it change the conditions to be performed by him in order to entitle him to his commission. Nor was his employment exclusive. A careful examination of the record discloses that a finding and judgment by the trial court that he had performed his part of the agreement, and was therefore entitled to recover the sum of $3,000 from defendant, would have been wholly unsupported by any evidence in the case.

In Winemiller v. Matthews, 125 Okla. 219, 257 P. 291, where a somewhat similar situation existed, and the proof wholly failed to show performance of the express contract by the plaintiff, we said:

"In an action by a broker to recover commission on the sale of an oil and gas lease, where the basis of the action is an express oral contract, definite and certain in its terms and conditions, performance by the broker of the express terms and conditions of the contract is necessary to be shown as a prerequisite to a right of recovery."

In the court below plaintiff apparently recognized this fact, for after the case was closed he obtained permission to reopen it, and thereupon, over the objection of defendant, testified to the reasonable value of his services. Apparently the trial court realized that no valid judgment could be rendered for the agreed commission of $3,000. Since the judgment rendered was erroneous, and the evidence would not support a judgment for the agreed commission of $3,000, the trial court should have sustained defendant's motion for a directed verdict.

Our holding above renders it unnecessary to pass upon the contention of defendant that plaintiff's action was barred by the statute of limitations.

Reversed, with directions to render judgment for defendant.

HURST, C.J., and WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.